Houston, East & West Texas Railway Company v. L. McMillan.

### Decided December 21, 1904.

**1.—Railways—Killing Stock.**

Evidence considered and held insufficient to sustain a judgment against a railway for negligently killing stock at a point on its line not required to be fenced.

**2.—Interest as Damages.**

Interest by way of damages is recoverable whether specially pleaded or not, but the recovery can in no event exceed plaintiff's stated demand.

Appeal from the District Court of Shelby. Tried below before Hon. Tom C. Davis.

*Baker, Botts, Parker & Garwood,* for appellant.

No briefs for appellee.

GILL, Associate Justice.—This is an appeal from a judgment in favor of appellee for the value of a mule killed by one of defendant's locomotives. The judgment is assailed as unsupported by the evidence.

The animal was killed at night at a point on appellant's line not required by law to be fenced. It therefore devolved on appellee to establish negligence on the part of the company causing the death of the animal. The only witness who saw the accident testified that the train was moving at the rate of fifteen or sixteen miles an hour when the mule ran upon the track directly in front of the engine and too near to have avoided the accident by an effort to stop the train. There was no other proof as to the manner of the accident and the facts disclosed by the face of the situation throw no light upon the issue.

We think the evidence insufficient to sustain the judgment. It is therefore reversed and the cause remanded.

In view of another trial we deem it proper to pass on what is complained of as fundamental error. The plaintiff prayed for the value of the mule, $100, and interest from the date of his death. The trial court rendered a judgment for $106.50. Appellant contends that $100 was the limit of recovery under the pleading. It is well settled that in such cases interest by way of damages may be recovered whether prayed for or not, hence the prayer for interest added nothing to the sum sought to be recovered. When one sues especially in a court of

limited jurisdiction it is necessary to specify some amount in order that the question of jurisdiction may be accurately determined from the face of the pleading. The recovery, therefore, can not exceed the sum prayed for. Telegraph Co. v. Garner, 6 Texas Law Journal, 157, 11 Texas Ct. Rep., 219.

*Reversed and remanded.*