## Missouri, Kansas & Texas Railway Company, of Texas, v. C. C. Baker.

### No. 1501.  Decided January 25, 1906.

**Railway—Killing Animal—Negligence.**

Where plaintiff's horse was killed at a public crossing of a fenced railway and the only evidence of negligence was the testimony of a witness that a passenger train on the night it was killed did not whistle for the crossing, there being nothing to show that it was killed by this train or whether other trains did or did not pass there the same night, there was no sufficient evidence to show that the negligence in question caused the accident or to require evidence from defendant in rebuttal. (Pp. 453, 454.)

Question certified from the Court of Civil Appeals for the Fifth District, in an appeal from Marion County.

*L. S. Schluter,* for appellant.—It was not incumbent upon the appellant to have shown how many trains passed the place of the injury that night; but the burden was upon the appellee to have shown such facts as would sustain a finding that the appellant was guilty of negligence in striking the animal. And no presumption of such negligence can be indulged. Again, there is no proof whatever showing, or tending to show, that the failure to give the signal by whistling or sounding the whistle was in any way connected with or the cause of the injury, or was the proximate cause thereof. Missouri, K. & T. Ry. Co. v. Hunt, 47 S. W., 70; Henry v. Missouri, K. & T. Ry. Co., 65 S. W. Rep., 644; Texas, etc., Ry. v. Scrivener, 49 S. W., 649; Southern Kansas Ry. v. Cooper, 75 S. W., 328; Gulf, etc., Ry. v. Blankenbeckler, 35 S. W., 331; 13 Texas Civ. App., 249.

In order to answer said certified question in the affirmative, this court must indulge in the following presumptions:

1st. That the train which the witness Hope saw, and no other train, was the one which struck and killed the animal.

2d. That the failure (if there were such failure) to give the signals for the crossing was the proximate cause of the injury.

*R. R. Taylor,* for appellee.—In this case, the proof showed that the engineer in charge of the train failed to sound the whistle as he approached the public road crossing where the animal was killed; that the train was run past the crossing at a high rate of speed. Now, both the statute and common prudence requires an engineer in charge of a train to sound the whistle when approaching a public road crossing; and ordinary care and prudence requires an engineer in charge of a train to at least keep a lookout ahead when running at a high rate of speed at a public road crossing, in order to discover persons or animals on or near the track. Missouri Pac. Ry. Co. v. Gedney, 45 Am. & Eng. R. Cases, 492.

WILLIAMS, Associate Justice.—Certified questions from the Court of Civil Appeals for the Fifth District, as follows:

"The appellee, as plaintiff below, brought this suit to recover damages of appellant for the alleged negligent killing of plaintiff's horse by a train at a public crossing on appellant's railroad track.

"A trial resulted in a verdict and judgment for plaintiff.

"The evidence is sufficient to support the verdict that plaintiff's horse was killed by one of appellant's trains at a public crossing. The evidence further shows that the railroad track is fenced, except at the crossing. The track east of the crossing is not straight. About one hundred yards east of the crossing a one-degree curve in the track begins. West of the crossing, for about one mile, it is straight. The crossing could be seen for about two hundred yards before reaching it, going west. There are two crossings just west of the depot at Karnack, the first being about one-quarter of a mile west, and the other, where the horse was struck, being one-half mile west.

"The only evidence that bears on the question of negligence of appellant's servant is that of witness Hope, and is as follows: 'I live about a little over a half-mile north of Karnack, in Harrison County. I know Mr. Baker and the Katy Railroad. I was in Karnack the night the horse was killed, but I don't know whether it was April 22d or not. I heard the west-bound passenger train go through that night. It blew the whistle down below the depot, east of Karnack. They whistled for the station, but did not blow for the crossing where the horse was killed. I was right even with the crossing, over in the other road, when the train passed along there. I was even with the crossing where the horse was struck, and was about a hundred yards from it, I reckon. I was going home, and was going north, traveling the wagon road. I did not cross the crossing there; did not have to cross the crossing. I was going from Mr. Taylor's store. It was not on the same side of the track that I was on. When I left the store I had to cross at the first crossing between Mr. Baker's store and where the horse was killed, and then I kept on that side of the road until I got down to this other road, and took up that. I did not see the train strike the animal, and

I did not know that anything unusual had happened. It was a little after twelve o'clock at night. I have stated that I heard the train whistle for the depot—for the station—and I did not hear it whistle any more. When the train whistled for the depot I was a little bit above the first crossing—the crossing between where the horse was killed and Mr. Baker's store. I do not know how far I was from that crossing, but only a little piece. It is a fact that it was right there near the depot, and was not but a few hundred yards at best. I did not see the horse about the crossing at all. I just saw the train coming. I did not see the train as it came into the depot, but saw it after it passed the depot, and I went on home and paid no further attention to it. The train did not whistle at all after it left the depot. I am sure of that. It was going west—coming this way. I went on home. I went on home and went to bed. I do not know whether any other train passed along there that night or not. The train was running pretty fast—was running at a high rate of speed. It was a passenger train.' No evidence of any other train passing that night.

"Question. Under the foregoing facts, was the jury warranted in finding the appellant liable for killing the horse? In other words, was the evidence sufficient to show negligence on the part of the railroad company in killing said horse?

"In the case of Henry v. Missouri, K. & T. Ry. Co., 65 S. W., 644, where the facts are the same as in this case, the Court of Civil Appeals for the Fourth District held that 'the court was justified in finding that negligence was not shown,' and affirmed the judgment. Being inclined to differ from this holding, we consider it our duty, under the statute, to certify the above question for Your Honor's determination."

The evidence stated shows only that at some time during a certain night plaintiff's horse was killed at a crossing on defendant's road by one of its trains, and that during the same night defendant's servants ran a passenger train past the crossing without blowing the whistle. Whether the horse was killed by that train, or before or after it passed, the evidence does not tend to show.

The burden was on plaintiff to show that the killing was negligently done; in other words, that the train which was negligently operated killed the animal. This he failed to do, since there is no presumption either that other trains did or did not pass the point of the accident that night. No burden rested on the defendant to bring evidence until a case to be rebutted was made against it.

The question is answered in the negative.