HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. L. E. KINCHELOE.

Decided May 19, 1909.

**Railway—Killing Stock—Negligence.**

Evidence considered, and held to support a finding that plaintiff's horse was killed by the negligence of those operating a railway train at a point where the road was not required to be fenced, in failing to sound the signals required for highway crossings, in running through a town at a high rate of speed, and in failing to keep a proper lookout for animals at a point where they were frequently found upon the track.   Gulf, C. & S. F. R. R. Co. v. Anson, 101 Texas, 198, and Missouri, K. & T. Ry. Co. v. Baker, 99 Texas, 452, distinguished.

Appeal from the County Court of Burnett County.   Tried below before Hon. J. G. Cook.

*S. R. Fisher, J. H. Tallichet* and *S. W. Fisher (Baker, Botts, Parker & Garwood,* of counsel), for appellant.—Railroad companies are liable for the value of live stock killed by their locomotives or trains at places where they are not required to fence their track, only in the event that the employes operating same are guilty of active negligence which directly and proximately causes the death of said stock;

and where it appears from the evidence that the place where such stock was struck and killed was one which the railroad company was not required to fence, there can be no recovery unless it further affirmatively appears from the evidence that the operatives of the locomotive or train were negligent, and that said negligence directly and proximately caused the death of said stock. International & G. N. R. R. Co. v. Cocke, 64 Texas, 151; International & G. N. R. R. Co. v. Dunham, 68 Texas, 231; Gulf, C. & S. F. Ry. Co. v. Wallace, 2 Texas Civ. App., 270; Gulf, C. & S. F. Ry. Co. v. ——, 13 Texas Civ. App., 249; Houston, E. & W. T. Ry. Co. v. McMillan, 84 S. W., 296, 37 Texas Civ. App., 483; Texas & N. O. Ry. Co. v. Langham, 95 S. W., 686.

There being nothing to show that it was killed by this train, or whether other trains did or did not pass there the same night, there was no evidence to show that defendant was guilty of any negligence causing the death of the horse, and judgment should have been rendered in favor of the defendant. Missouri, K. & T. Ry. Co. v. Baker, 99 Texas, 452; Henry v. Missouri, K. & T. Ry. Co., 65 S. W., 644; Missouri, K. & T. Ry. Co. v. Baker, 93 S. W., 211; Gulf, C. & S. F. Ry. Co. v. Anson, 101 Texas, 198.

There was nothing to show that the speed of the train was unusual or dangerous, and the horse was not struck at a public crossing, but from eighty to ninety feet away from the nearest one; nor was there anything to show that had the speed of the train been less or had the whistle been sounded about eighty rods—440 yards—from the nearest crossing, instead of about seven hundred yards therefrom, the accident probably would not have happened. Galveston, H. & S. A. Ry. Co. v. Wink, 31 S. W., 326; International & G. N. R. R. Co. v. Hall, 12 Texas Civ. App., 11; Missouri, K. & T. Ry. Co. of Texas v. Parker, 37 S. W., 973; s. c., 46 S. W. Rep., 280; Galveston, H. & S. A. Ry. Co. v. Cassinelli, 78 S. W., 247; Houston, E. & W. T. Ry. Co. v. Wilson, 37 Texas Civ. App., 405.

*T. E. Hammond,* for appellee.—If by reason of the public character of a place a railroad company can not fence its right of way, then to relieve a railway company for an injury done to animals running at large at such place, it is requisite that it use ordinary care, and the want of ordinary care may be shown by circumstances as well as by direct evidence. Gulf, C. & S. F. Ry. Co. v. Anson, 82 S. W., 785; International & G. N. R. R. Co. v. Cocke, 64 Texas, 151; Gulf, C. & S. F. R. R. v. Wallace, 21 S. W., 974, 2 Texas Civ. App., 270.

FISHER, Chief Justice.—This is a suit by appellee against the Railway Company for $150, the value of a horse killed by one of appellant's trains in the town of Bertram. The case was tried before the court without a jury and judgment rendered in favor of appellee for $150, the value of the horse killed.

It is insisted by the appellant that the evidence is insufficient to establish the fact that the horse in question was killed by one of appellant's trains, and that the servants of the appellant were guilty of negligence. It appears from the evidence that at the place where the horse

was killed the track was not fenced, nor was it required 'to be fenced. The animal was killed on the night of December 27, 1907, within the limits of the town of Bertram. There is evidence that would justify the conclusion that the horse was killed by a train going east, which passed through Bertram some time between 9 and 11 o'clock at night; that the horse was killed east of the depot, and between 700 and 800 yards east of the whistling post located upon the west side of the town. Between that whistling post and the place where the horse was killed are five public crossings; and it appears from the plat found in the record that the track is straight from the point where the whistling post on the west is located to where the horse was killed. In approaching the town from the west the whistle was sounded about the whistling post, but between that point and the place where the horse was struck the whistle was not blown. There is a conflict of evidence as to whether the bell was ringing. One witness testified that the bell was ringing and others testified that they did not hear it, but all agreeing to the fact that for none of the crossings in question was the whistle sounded, nor was it sounded for the purpose of frightening stock from the track. The train did not stop, but went through the town at a high rate of speed. It was the custom and habit of the residents of the town to turn their horses loose, and they frequently wandered within the yard limits of the railroad; and there is evidence tending to show that this custom was known to the employes operating the train, and on occasions prior to the time of the accident animals had been found upon the track and frightened from the same by an approaching train about the place where the animal in question was killed. The headlight of the locomotive was burning when the train passed through the town.

The tracks of the animal in question show that it went upon the railroad track, and was either upon the track or near 'the same when struck; and it is a reasonable inference from the evidence that if the engineer had maintained a lookout he could, by the exercise of ordinary care, have discovered the animal upon the track; and it is fair to assume that if he had sounded the whistle for the crossings, or the stock whistle, the animal doubtless would have been frightened from the track or a dangerous proximity thereto. Running through the town at a rapid rate of speed without sounding any whistles giving any alarm of the approach of the train and keeping a proper lookout for animals, which the facts show might be found at any time upon the track within the limits of the town, was evidence that would justify the inference of negligence; and in this respect, on the facts as presented, the case is different from Gulf, Colorado & Santa Fe Ry. Co. v. Anson, 101 Texas, 198, and Missouri, K. & T. Ry. Co. v. Baker, 99 Texas, 452.

It is claimed that the evidence does not satisfactorily show that the train testified to by the witnesses was the one that struck the animal; or, in other words, was the only train that passed through Bertram on the night that the animal was killed. There was no eyewitness to the killing; and no one is able to state just how it happened, but the testimony upon this subject would justify the conclusion that only one train passed through Bertram the night of the accident, and that is

the train testified to by the witnesses which passed going east between 9 and 11 o'clock.

There is no direct evidence that the engineer did not keep a lookout, but the facts would justify the conclusion that if he had kept a lookout he could and probably would have seen the animal before his engine came in contact with it. It was a straight track for a distance of between 700 and 800 yards, and the tracks of the animal show that it was near the track at places and finally went on the track. The headlight was burning, and it is not shown by the evidence that there was any obstruction that would prevent a view of the animal. If the discovery had been made, it is reasonable to assume that the engineer would have made some effort to check his train or sounded an alarm whistle, but nothing of the kind was done; and it is not an unreasonable explanation of his conduct to assume that he was not keeping a proper lookout in going through the town where animals were likely to be found, and that fact, together with the high rate of speed shown by the evidence and the failure to sound the whistle was the cause of running the animal down.

We find no error in the record and the judgment is affirmed.

*Affirmed.*