HOUSTON, E. & W. T. RY. CO. v. FOSTER.

(Court of Civil Appeals of Texas. Galveston. Nov. 16, 1911. Rehearing Denied Jan. 4, 1912.)

RAILROADS (§ 443*)—CROSSING ACCIDENT—KILLING ANIMALS.

In an action for killing plaintiff's horses at a crossing, evidence *held* insufficient to show actionable negligence on the part of the railroad company.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 443.*]

Appeal from Angelina County Court; J. T. Maroney, Judge.

Action by Sulser Foster against the Houston, East & West Texas Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Jno. T. Garrison, for appellant. W. J. Townsend, Jr., and Sam R. Sayers, for appellee.

McMEANS, J. This is an appeal from a judgment in favor of appellee for the value of two horses killed, and a wagon and harness destroyed, by a locomotive of appellant drawing a freight train.

The appellant complains that the judgment is not supported by the evidence. The horses and wagon were struck by the locomotive at night at a public road crossing in or near the town of Lufkin. It being a part of the railroad which appellant was not required to fence, it devolved upon appellee to establish negligence upon the part of appellant, causing the damage, and this he has failed to do. It appears that the horses, harnessed to the wagon, were left by appellant in Lufkin,

after he had securely tied them. In the early part of the night they in some way got loose, and proceeded with the wagon to the railroad crossing. There was some testimony to show, and indeed the only witness who saw them before being struck testified, that the horses were running away. However that may be, they attempted to cross the railroad just as the train which was traveling at the rate of 20 to 22 miles an hour reached the crossing, with the result that both horses were killed, and the wagon and harness destroyed. It was shown that the track was straight, and that there was no obstruction to prevent the engineer seeing an object on the track at the crossing for some distance before he reached it. But it was also shown that the horses were not upon the track until they entered upon it immediately in front of the locomotive, and only an instant before the contact, and that they were not seen by the operatives on the engine until just before they reached the track, when they were discovered by the fireman to be approaching in a run, and that the fireman at once notified the engineer, and he applied the air brakes and stopped the train as soon as possible, but not soon enough to prevent the collision. It was further shown that the horses could not have been sooner discovered than they were because of shrubbery growing in a yard of a dwelling house immediately on the edge of the railroad right of way, which obscured the view of the fireman and engineer in the direction from which the horses came. The existence of an ordinance prescribing a speed limit at the crossing in question was not shown, nor was there any evidence to show that the running of the train at the speed testified to was negligence, or that the running of the train at such speed was the proximate cause of the death of the horses, or of the other damages sustained by appellee. The case appears to have been fully developed on the trial in the county court, and, as the judgment appealed from cannot be sustained, this court must render such judgment as should have been rendered in the court below. Revised Statutes, art. 1027. It has, therefore, been ordered that the judgment of the trial court be reversed, and judgment be here rendered for appellant.

Reversed and rendered.