SOUTHERN KANSAS RY. CO. OF TEXAS v. GRAHAM.

(Court of Civil Appeals of Texas. Amarillo. March 22, 1913. Rehearing Denied April 5, 1913.)

1. RAILROADS (§ 443*)—INJURIES TO ANIMALS ON TRACK—ACTIONS—SUFFICIENCY OF EVIDENCE.

In an action for the death of a mule struck by a railroad train within the yard limits, where the company was not required to fence its right of way, evidence *held* insufficient to show that the rate of speed or the failure to sound the whistle or bell constituted negligence or, if they did, that such negligence was the proximate cause of the death.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1608–1620; Dec. Dig. § 443.*]

2. RAILROADS (§ 440*)—INJURIES TO ANIMALS ON TRACK—ACTIONS—VARIANCE.

In an action for the death of a mule struck by a railroad train, where the only grounds of negligence alleged were the excessive speed and the failure to sound the whistle or bell, plaintiff could not recover on proof that the engineer was negligent in failing to keep a proper lookout.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1570–1574; Dec. Dig. § 440.*]

3. JUDGMENT (§ 250*)—CONFORMITY TO PLEADINGS AND FINDINGS.

In an action for the death of a mule struck by a railroad train, where plaintiff alleged excessive speed and the failure to sound the whistle or bell, but did not allege any failure to keep a proper lookout, and the court found that the train was running at an excessive speed, that the whistle or bell was not sounded, that the engineer was negligent in failing to discover the mule on the track in time to prevent killing it, and that "the negligent acts of said engineer thus above set out" were the proximate cause of the death, a judgment on such findings was not supported by the petition.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 436; Dec. Dig. § 250.*]

Appeal from Roberts County Court; J. E. Kinney, Judge.

Action by W. C. Graham against the Southern Kansas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

J. C. Dial, of Miami, H. E. Hoover, of Canadian, and Terry, Cavin & Mills, of Galveston, for appellant. B. M. Baker, of Canadian, for appellee.

HUFF, C. J. The appellee, W. C. Graham, brought suit in the justice court against the appellant, the Southern Kansas Railway Company, for damages occasioned by killing a mule of the alleged value of $175. Judgment was rendered in favor of appellee in that court, from which appellant appealed to the county court of Roberts county, in which court appellee obtained judgment for $150 against appellant, and from which judgment the case is brought to this court. The grounds of negligence alleged are that appellant was running its engine at a dangerous rate of speed, and failed to sound the whistle or ring the bell, and that the engine and cars of appellant were run against the mule and killed it. The appellant pleaded general denial and that the accident occurred in the yard and switch limits and in the depot grounds of appellant in the town of Miami; and also that appellee contributed to the injury by negligence in permitting the animal to run at large. The facts are sufficient to support the trial court's conclusion that the mule was killed by an engine of appellant, and also perhaps that it was the engine pulling the train that passed through Miami at 3 o'clock a. m., August 12, 1912. The mule was killed in the yard limits of appellant at Miami about 100 yards in a northeasterly direction from the depot, and at a point where appellant was not required by law to fence its right of way. It was therefore necessary for appellee to show, by pleading and testimony, that appellant was guilty of negligence which was the proximate cause of the injury. We have concluded the trial court was in error in finding that appellee had shown such negligence on the part of appellant. The appellee hobbled his mule out about 250 yards from the railway track on the night it was killed, and some time during the night it presumably strayed on the track. No one saw the accident.

[1] The court found, and the testimony is sufficient to support the finding, that the train was running at a rate of speed exceeding 18 miles per hour. Four mules were at the camp of other campers in the town of Miami some time about 1 o'clock the night the mule was killed. The particular mule in question was not identified as one of them, but one of the four was recognized as a mule belonging to appellee. The engineer in charge of the engine pulling the train testified that, if he struck the mule, he did not know it. The testimony shows that he whistled for the station, and also for the signal board, and that he received the signal to go on through. The testimony is conflicting

as to whether or not the bell was ringing as it passed through the town of Miami. How or when the mule got on the track is not shown. If it was standing on the track where it could be seen, the facts do not show it. In so far as the evidence shows, it is just as reasonable to infer that the mule got on the track in front of the moving train from a point concealed from those operating the engine as to infer it was seen in time to have prevented injury to it, or to frighten it off by sounding the whistle or by ringing the bell. If appellant was negligent in the rate of speed or in failing to sound the whistle or ring the bell, there are no facts showing that such negligence was the proximate cause of the injury. It might be surmised that the injury occurred in some particular way; but, in order to show actionable negligence, there must be proven some fact from which it could be reasonably inferred. There is no fact which shows that appellant was then negligent in the rate of speed or why the whistle should have been sounded or the bell rung. If there was any fact showing the mule was seen or could have been seen on the track in time to have checked the train at a less rate of speed than it was then going, and thereby have prevented the injury, or that the mule could have been driven off by the whistle or bell, it was not proven. We do not think the court was warranted in assuming such fact from the testimony upon the trial. In the case of Railway Co. v. Anson, 101 Tex. 198, 105 S. W. 989, the Supreme Court said: "How can it be said that it was caused by negligence of the defendant, when the circumstances under which the injury was inflicted are wholly unknown? It may be conjectured that the ponies were on the track and that, if the engineer had kept a lookout, he would have discovered them in time to have avoided the injury, or it may be surmised that they were not on the track, but near it, and being startled by the approach of the train endeavored to pass in front of and so near to it that it was impossible to have stopped the train in time to have avoided the injury. The evidence leads to no definite conclusion upon the point. It is not negligence under all circumstances to run a train at a high rate of speed." Railway Co. v. Baker, 99 Tex. 452, 90 S. W. 869; Railway Co. v. Carr, 91 S. W. 858; Mahler v. Railway Co., 90 S. W. 206; Railway Co. v. McMillan, 37 Tex. Civ. App. 483, 84 S. W. 296; Railway Co. v. Johnson, 14 Tex. Civ. App. 566, 37 S. W. 973.

[2, 3] Appellee cites us to the case of Railway Co. v. Kincheloe, 56 Tex. Civ. App. 123, 119 S. W. 905. This case is very much in point. It will be noted, however, in that case that the tracks of the animal are shown to have been found on and near the railroad track, which indicates that it was in a position to have been seen by the engineer had he kept a proper lookout. The facts in that case further show that stock and cattle at that place were frequently on the railway track, and that the employés of the railway company had knowledge of such fact, and that stock was frequently driven from the railway track at that point. The court in that case appears to have disposed of it upon that testimony. In this case there is nothing shown by the evidence indicating the position of the animal at the time it was struck or just before. It is to be noted, further, that appellee does not allege appellant was negligent in failing to keep a proper lookout. As we understand the rule, appellee must allege the act of negligence upon which he relies for recovery. He is not permitted to allege one act and prove and recover on another. The trial court finds that the train was running through the town at a greater speed than 18 miles an hour, that the whistle was not blown or the bell rung, that the engineer had released the air from the train line, and was running without power to apply the air brakes; and he further finds "that said engineer having the benefit of an electric headlight, by the aid of which he could see half a mile of his track in front of him, was negligent in failing to discover said mule on the track in time to stop his train, and not kill it. I find that the negligent acts of said engineer thus above set out was the proximate cause of the death of said mule and of the resultant damage to plaintiff." There was no allegation of negligence on the part of appellant in failing to keep a proper lookout or negligence on its part in releasing the air from the train line, and that the train was running without power to apply the air brake. The appellee having in the statement of his cause of action specified the grounds of negligence relied on, we do not think he should be permitted to recover on another ground not alleged. The burden was on appellee to establish the negligence as alleged, and that such negligence was the proximate cause of the injury. The court finds that negligence not alleged was the proximate cause, or, rather, that all the acts found was the proximate cause, some of which were not alleged. We think, therefore, the pleadings will not support the judgment under the court's findings. The failure to keep a proper lookout along the track can only be deemed the proximate cause of the injury when it appears that the keeping of such lookout would have prevented it. Railway Co. v. Shoemaker, 98 Tex. 451, 84 S. W. 1049.

Without discussing the testimony further, we believe the case should be reversed. It is probable the case was not fully developed upon the trial below.

Reversed and remanded.