## GALVESTON, H. & S. A. RY. CO. v. BLUMBERG.

(Court of Civil Appeals of Texas. Galveston. March 28, 1913.)

1. RAILROADS (§ 443*)—KILLING ANIMALS— NEGLIGENCE.

Where an animal passed on a railroad track in switch yards between two sections of standing cars just as the cars were switched together, causing its death, but the trainmen did the switching in the usual way, and, had they seen the animal when it went on the track between the cars, the accident could not have been prevented, the railroad company was, as a matter of law, free from negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1608–1620; Dec. Dig. § 443.*]

2. RAILROADS (§ 441*)—KILLING ANIMALS— LIABILITY.

One suing for the death of an animal struck by cars in switch yards, where the railroad company could not fence its tracks, must, to recover, show that the trainmen were guilty of negligence which caused the death of the animal.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1575–1595; Dec. Dig. § 441.*]

3. APPEAL AND ERROR (§ 1175*)—REVERSAL— RENDERING FINAL JUDGMENT.

Where the evidence is uncontradicted and the facts fully developed, the court on appeal will reverse an erroneous judgment and render the proper judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

Appeal from Wharton County Court; J. R. Bowen, Judge.

Action by Joe Blumberg against the Galveston, Harrisburg & San Antonio Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Baker, Botts, Parker & Garwood, of Houston, W. L. Hall, of Wharton, and Proctor, Vandenberge & Crain, of Victoria, for appellant.

PLEASANTS, C. J. This suit was brought by appellee against the appellant to recover the sum of $125, the alleged value of a cow, the property of appellee, and alleged to have been negligently killed by appellant. The trial in the court below with a jury resulted in a verdict and judgment in favor of plaintiff for the sum of $100.

The cow was struck and killed by a train of appellant which was being operated in appellant's switch yard in the town of Wharton, where appellant was not permitted to fence its tracks. The facts and circumstances of the accident, as shown by the undisputed evidence, are as follows: A freight train of appellant was engaged in switching cars within the switch limits of the station at Wharton. The engine was facing north, and there were attached to the rear end of same some six to ten cars; the engine and cars attached thereto being backed in a southerly direction towards, and to be coupled to, a stationary car on the track also attached to another car or two. The string of cars and the engine were being moved very slowly. Just before the south end of the string of cars attached to the engine reached the north end of the cars to which the moving string was to be coupled, the cow walked from the west side of said track onto same and between the south end of said stationary cars and the north end of another stationary car on the same track, and the impact of the blow, when the moving string of cars struck the cars to which it was to be coupled, caused same to roll against the cow, which at that time was on the track between the two stationary strings of cars. None of the operatives of the train saw the cow before she was struck. She came from along the west side of the southern string of stationary cars and turned east and walked on the track between the two sections of standing cars just as the cars attached to the engine struck the stationary cars north of the place at which she went on the track. The space between the two sections of stationary cars was only 7 or 8 feet. There was a brakeman on the west side of the track who was giving the signals to the engineer and making the couplings, and, at the time the cow went on the track, he was in the act of going in to couple the cars attached to the engine to the stationary cars furthest north, and was two car lengths distant from the point at which the cow entered the track. His attention was directed towards the moving cars, and he did not see the cow before or at the time she went on the track. The engineer testified that he did not see the cow, and that, from his position on the engine, it was not possible for him to have seen her.

[1] We think these facts fail to show any negligence on the part of the operatives of the train. They were doing the switching in the usual and customary and, so far as the evidence shows, careful manner. They could not reasonably have contemplated that an animal would walk on the track in the space between the two sections of stationary cars just at the time the cars would be pushed together by the engine, and ordinary care did not require that they should watch that space. If they had seen the cow when she went on the track, it is not at all clear from

the evidence that the accident could have been avoided. Just as she got on the track, the car to the north struck her and mashed her against the stationary car on the south, and it would seem from this that she went on the track just at the instant the moving cars attached to the engine struck the north section of stationary cars, and that, if she had been seen by the engineer as she entered the track, it would have been impossible to have prevented the train from striking her.

[2] The appellant was not permitted to fence its track at this place, and appellee could only recover by showing that the death of the cow was caused by the negligence of appellant's employés, who were operating the train that struck her.

[3] There being no evidence showing negligence in the operation of the train, the judgment of the court below must be reversed, and, the evidence being uncontradicted and the facts fully developed, judgment will be here rendered in favor of appellant. Railway Co. v. Foster, 142 S. W. 846.

Reversed and rendered.