## STONE & WEBSTER ENGINEERING CORPORATION v. BREWER.

(Court of Civil Appeals of Texas. El Paso. Nov. 20, 1913. Rehearing Denied Dec. 11, 1913.)

NEGLIGENCE (§§ 121, 134*)—INJURIES TO SERVANT—PROXIMATE CAUSE.

Not only must negligence upon defendant's part be shown, but the causal connection between it and the injury must be shown. Neither negligence nor causal connection will be presumed from the fact of injury alone.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 217–220, 224–228, 267–273; Dec. Dig. §§ 121, 134.*]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by Reid Brewer against the Stone & Webster Engineering Corporation. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood, of Houston, for appellant. Dowell & Dowell, of Houston, for appellee.

HIGGINS, J. This is an appeal from a judgment in appellee's favor in the sum of $2,500, account damages arising from personal injuries. Appellant was engaged in the construction of a line of railway between the cities of Galveston and Houston, and appellee was in its employ as driver of a track automobile. While driving the automobile in the discharge of his duties, the same was derailed, and appellee sustained the injuries complained of. Appellant is alleged to have been guilty of negligence in furnishing a defective automobile for appellee to drive, in that the rear axle was defective, which negligence is alleged to have been the proximate cause of the derailment and consequent injuries.

Under the view entertained by the court of the state of the evidence, it becomes unnecessary to review the numerous assignments presented except those which relate to the

sufficiency of the evidence. In view of a retrial, however, it may be remarked that it would be well to avoid the criticism made of the court's charge under the fifteenth, sixteenth, and seventeenth assignments, relative to the master's duty. A question is here presented which may be readily avoided.

The evidence disclosed a rear axle had become defective as alleged, and appellant's failure to replace same with a new one would warrant a finding of negligence; but it conclusively appears that it had been temporarily repaired by a process of "bushing," and had been so repaired by appellee upon the date of the accident. It will serve no useful purpose to discuss the evidence further than to say that the same wholly fails to show with any degree of certainty any causal connection between the negligence alleged and the accident. Not only must negligence upon appellant's part be shown, but the causal connection between the negligent act or omission and the injury as well. Neither negligence or causal connection will be presumed from the fact of injury alone; but it must be proven by competent evidence. Railway Co. v. Shoemaker, 98 Tex. 451, 84 S. W. 1049; Railway Co. v. Porter, 73 Tex. 307, 11 S. W. 324; Railway Co. v. Crowder, 63 Tex. 505; Railway Co. v. Baker, 99 Tex. 452, 90 S. W. 869.

As stated above, the facts here proven are wholly insufficient to show any causal connection between the appellant's alleged negligence and the accident from which appellee's injuries resulted. Only by conjecture and surmise could the jury have found that the accident resulted from the negligent acts complained of, and this is insufficient. Railway Co. v. Greenwood, 40 Tex. Civ. App. 252, 89 S. W. 810; English v. Railway Co., 44 Tex. Civ. App. 467, 98 S. W. 914; Duerler, etc., v. Dullnig, 83 S. W. 889; Railway Co. v. Baker, 99 Tex. 452, 90 S. W. 869; Railway Co. v. Anson, 101 Tex. 198, 105 S. W. 989; Jones v. Railway Co., 47 Tex. Civ. App. 596, 105 S. W. 1007; Railway Co. v. Robinson, 53 Tex. Civ. App. 12, 114 S. W. 658; Coffman v. Railway Co., 126 S. W. 619; Railway Co. v. Byrd, 124 S. W. 738; Railway Co. v. Hall, 46 Tex. Civ. App. 493, 102 S. W. 740; Parks v. Railway Co., 29 Tex. Civ. App. 551, 69 S. W. 125; Broadway v. San Antonio, etc., 24 Tex. Civ. App. 603, 60 S. W. 270; Railway Co. v. Faber, 77 Tex. 154, 8 S. W. 64; Patton v. Railway Co., 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 364; 3 Ency. of Ev. 70; 14 Id. 76, 99.

We desire to comment upon the brief filed herein by appellant. It is framed in utter disregard of the rules which have been promulgated by the Supreme Court respecting the manner and form of briefing. Appellant's counsel have evidently preferred to brief the case according to their own idea of a proper method of briefing rather than with regard to the rules which it was intended they should observe. Violations of this character do not commend themselves to this court where counsel knew the rules, and in the instant case no indulgence of ignorance or inexperience can be indulged in, and the violation can be explained upon no other theory except that the rules have been deliberately disregarded. Such disregard is inexcusable, and in the instant case is tolerated only because the appeal did not originate in this district, but came to this court upon transfer, and because the various trial and appellate courts have so long permitted practically all of their rules to be violated and disregarded at will that the bar, perhaps, can scarcely be blamed for regarding them as dead letters, to be observed or not as they chose.

Reversed and remanded