ABBOTT v. BEAUMONT, S. L. & W. RY. CO.
(No. 463.)

(Court of Civil Appeals of Texas. El Paso. June 10, 1915. Rehearing Denied July 1, 1915.)

1. RAILROADS ⊙⇒411—KILLING OF ANIMALS —DEPOT GROUNDS.

A railroad company maintained at a small sawmill town a station and a switch track and stand. The switch track led to and served the sawmill. About 100 yards from the switch stand was a cattle guard where the right of way fence began. *Held*, that the railroad company was not required to fence its right of way between the station and the cattle guard, though animals frequently grazed on the right of way, and it was not liable for killing an animal there unless occasioned by negligent operation of the train striking the animal.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1409–1450; Dec. Dig. ⊙⇒411.]

2. RAILROADS ⊙⇒443 — KILLING ANIMALS— NEGLIGENCE—EVIDENCE.

In an action for the killing of an animal by a train at a point at which the railroad company was not required to fence its track, evidence *held* not to show negligent operation of the train.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1608–1620; Dec. Dig. ⊙⇒443.]

Appeal from Harris County Court, at Law; K. C. Barkley, Special Judge.

Action by Lewis Abbott against the Beaumont, Sour Lake & Western Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Hutcheson & Hutcheson, of Houston, for appellant. Andrews, Streetman, Burns & Logue, of Houston, for appellee.

### Statement of Case.

HIGGINS, J. Abbott brought this suit to recover the value of a mule run over and killed by one of appellee's trains.

A peremptory instruction in defendant's favor was given, in accordance wherewith verdict was returned and judgment in its favor rendered. The correctness of the court's action in giving this instruction is the only question presented by this appeal.

The animal was killed during the night in the town of Dyersdale by a passing train. No one saw the animal struck, and it is not shown by what train it was killed. It was found on the right of way the next morning with its head severed from its body. There is no evidence whatever of the circumstances under which it was killed. Dyersdale is a small sawmill town. The animal was struck about 100 yards east of the station and about 40 feet east of the end of a switch track and switch stand. At this point the right of way was unfenced. The right of way further eastward was fenced, it being about 100 yards from the switch stand to the cattle guard where the right of way fence began. The switch track led to and served the sawmill. There is evidence that animals frequently grazed upon the right of way at the point where the mule was killed. There is also testimony that through passenger trains passed through the town at night without stopping, which trains habitually ran at a rapid rate of speed.

### Opinion.

[1] The evidence is amply sufficient to warrant the court in its assumption that at the point where the mule was struck the defendant was not required to fence its right of way. A due regard for the safety of its employés engaged in the switching of its trains imperatively demanded that at that point the track be clear of cattle guards, pitfalls, and fences. The evidence conclusively establishes this fact. This being true, the company was not liable for the death of the mule unless occasioned by the negligence of its employés operating the train which struck it. Railway Co. v. Blankenbeckler, 13 Tex. Civ. App. 253, 35 S. W. 331; Railway Co. v. Cocke, 64 Tex. 153; Railway Co. v. Dunham,

68 Tex. 231, 4 S. W. 472, 2 Am. St. Rep. 484; Railway Co. v. Conley, 142 S. W. 36; Railway Co. v. Wallace, 2 Tex. Civ. App. 270, 21 S. W. 973; Railway Co. v. Ogg, 8 Tex. Civ. App. 285, 28 S. W. 347.

[2] There is no fact or circumstance under the facts stated which would have warranted a finding that the animal's death was due to such negligence. The fact that through passenger trains passed during the night at a rapid rate of speed and without stopping is manifestly insufficient. There were other trains passing as well, which might have killed it. There was a complete failure to show that the animal's death was in any wise due to defendant's negligence.

Affirmed.