**FORT WORTH & D. C. RY. CO. v. ATKINSON.** (No. 2185.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 10, 1923.)

1. Railroads ☜443(2)—Evidence held not to show negligence was proximate cause of killing of horse.

Evidence that, during the night plaintiff's horse was killed by a train, one of defendant's trains passed at a speed of 30 miles an hour, and did not whistle nor ring the bell after whistling for a station, did not show that defendant's negligence was the proximate cause

of the death of the horse, because not showing it was killed by the particular train.

2. Railroads ☜441(1)—No burden on defendant to bring evidence until a case made against it.

No burden rested upon defendant railroad to bring evidence until a case to be rebutted was made against it by owner of horse killed.

3. Appeal and error ☜1177(7)—Case remanded when all evidence may not have been produced.

On reversal for insufficiency of evidence, where it does not appear that all evidence was produced which could have been secured, the case will be remanded for new trial instead of rendering judgment.

Appeal from Dallam County Court; A. M. Reese, Judge.

Action by O. D. Atkinson against Fort Worth & Denver City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Tatum & Strong, of Dalhart, and Thompson, Barwise, Wharton & Hiner, of Fort Worth, for appellant.

R. E. Stalcup, of Dalhart, for appellee.

RANDOLPH, J. Appellee brought this suit to recover damages for the killing of a horse by appellant. It is agreed by the parties that the point on the railroad where the horse was killed was at a place where the defendant was not required to fence its land and right of way and that the appellee relies solely, as grounds for his recovery against the railroad company, on.showing that the horse was killed by reason of the negligence of the railroad company's employees and agents in the handling and operating of the engine and train that was supposed to have killed the animal, and that the negligence, if any, of the appellant's said employees in handling and operating said train, was the proximate cause of the killing of the horse.

Considering the evidence, we find: That the horse was turned loose to graze upon the commons, consisting of unfenced land in the little town of Hartley, and lands lying adjacent to it; that it was customary for the people of Hartley to so turn their stock loose to graze upon said commons and that the appellant's agents knew this; that the passenger train which was supposed to have killed the horse went through Hartley about 4:30 in the morning; that the engineer whistled as he approached the station, but did not again whistle or ring the engine bell; that the train was running about 30 miles an hour at the time it went by the station; that the horse's tracks showed that he was running directly towards the track when he was killed, and that he was thrown or carried a distance of 120 feet from where the tracks

reach the railroad track to where the dead body of the horse was found.

Considering that the train testified about was running through the town of Hartley and by the station at a rate of speed which showed negligence on the part of the engineer—considering also that the failure of the engineer and fireman to ring the bell and blow the whistle was also negligence—what evidence is there that this particular train killed the horse? Or what evidence is there in the record to show the causal connection between this negligence and the death of the animal? We have been unable to find any.

[1] Whatever views the writer may have as to the wisdom of the various decisions of our courts which make it almost impossible for a party to recover for injury to or death of stock killed or injured during the night time, we are compelled to hold by reason of the comparative unanimity of our courts that the evidence does not disclose negligence of the appellant to have been the proximate cause of the death of the horse and that the appellee has failed to show the causal connection between the negligence of appellant's employees in operating any particular train and the killing of the horse. G. C. & S. F. Ry. Co. v. Anson, 101 Tex. 198, 105 S. W. 989; M. K. & T. Ry. Co. v. Baker, 99 Tex. 452, 90 S. W. 869; Abbott v. B. S. L. & W. Ry. Co. (Tex. Civ. App.) 177 S. W. 1052; H. E. & W. T. Ry. Co. v. Peterson (Tex. Civ. App.) 227 S. W. 747; Payne v. Wittenberg, (Tex. Civ. App.) 239 S. W. 224; I. & G. N. Ry. Co. v. Matthews Bros. (Tex. Civ. App.) 158 S. W. 1048.

[2] It is also held that no burden rested upon appellant to bring evidence until a case to be rebutted was made against it. M. K. & T. Ry. Co. v. Baker, supra.

[3] As it does not appear that all the evidence that could have been secured was had on the trial in the lower court, we refrain from rendering judgment in the case, but order it reversed and remanded for a new trial.