GULF, COLORADO & SANTA FE RAILWAY COMPANY v. WILLIAM ANSON.

No. 1755.   Decided December 11, 1907.

Railway—Killing Animals—Negligence.

In case of two horses killed at night at a road crossing on a fenced railway, evidence that a train running rapidly was heard to give stock signals was insufficient to show negligence. Neither fast running nor giving signals necessarily constitute negligence, and the conjecture that the animals were on the track and should have been discovered was no more warranted than that they ran on it too late to be avoided, in the absence of proof of the circumstances. (P. 199.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Coleman County.

Anson sued the railway company in the District Court, where he had judgment which was affirmed on appeal by defendant who thereupon obtained writ of error.

*J. W. Terry* and *A. H. Culwell,* for plaintiff in error.—No presumption of negligence arises from the fact that the horses were found dead near the railway tracks. The burden is upon the plaintiff to not only show the death of the animals by one of the trains of the defendant, but to show also that the same was occasioned through the negligence of the railway company, or those in charge of such train, and, because there was no sufficient evidence showing negligence, the special charge ought to have been given to find for defendant. Missouri, K. & T. Ry. Co. v. Baker, 99 Texas, 452; Henry v. Missouri, K. & T. Ry. Co., 3 Texas Ct. Rep., 561; Missouri, K. & T. Ry. Co. v. Parker, 37 S. W. Rep., 973; Missouri, K. & T. Ry. Co. v. Cooper, 75 S. W. Rep., 328; St. Louis S. W. Ry. v. Adams, 24 Texas Civ. App., 236; Texas & Pac. Ry. Co. v. Huffman,

6 Texas Ct. Rep., 523; San Antonio & A. P. Ry. Co. v. Aycock, 4 Texas Ct. Rep., 959.

*Woodward & Baker,* for defendant in error.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This suit was brought by the defendant in error against the plaintiff in error to recover damages of the company for the killing of two polo ponies. The plaintiff recovered a judgment which was affirmed upon appeal to the Court of Civil Appeals.

The defendant company's track runs through the plaintiff's enclosed land. A dirt road crosses the track upon the land. The road was fenced on both sides and there were cattle guards at the crossing. The ponies were last seen alive in a lot not far from the crossing, with the gate open. This was in the evening. Next morning they were found dead beyond the crossing one about ten feet and the other about one hundred yards from the railroad track. There was evidence tending to show that two trains passed the point on the night in question. There were two witnesses who testified for the plaintiff that about 8 o'clock they heard a train near the crossing and that in their opinion it was running fast—one says forty and the other fifty miles per hour and that they heard the train giving stock signals.

Was there any sufficient evidence of negligence on the part of the defendant company? We think not. We find nothing in the testimony which tends to show, with any degree of certainty, which of the two trains caused the injury; and there is nothing to show how it was caused. How can it be said that it was caused by negligence of the defendant, when the circumstances under which the injury was inflicted are wholly unknown? It may be conjectured, that the ponies were on the track and that if the engineer had kept a lookout, he would have discovered them in time to avoid the injury; or it may be surmised that they were not on the track, but near it, and, being startled by the approach of the train endeavored to pass in front of and so near to it that it was impossible to have stopped the train to avoid the injury. The evidence leads to no definite conclusion upon the point. It is not negligence under all circumstances to run a train at a high rate of speed. (Texas & P Ry. Co. v. Shoemaker, 98 Texas, 451; Elliott on Railroads, sections 1204 and 1586.) Nor can it be negligence to blow a stock signal when occasions arise. If it be contended that the fact that a stock whistle was heard to blow tends to show that the servants of the company discovered the horses and might by the exercise of reasonable care have avoided injuring them, it falls far short of proof of negligence—because it is by no means established that the horses were injured by the trains which gave that signal, and, if that fact was established, we are still in the dark as to how the injury was inflicted. It does not show nor does it tend to show that they were not near the track when the signal was given and were struck in making a sudden dash across it. So that the case is substantially the same as that of the Missouri, Kansas & Texas Ry. Co. v. Baker,

(99 Texas, 452), in which the plaintiff's horse was killed at a railroad crossing and a recovery was denied by this court because there was no evidence to show how the accident happened. We also think the case is not distinguishable in principle from that decided in the case of the Texas & Pacific Ry. Co. v. Shoemaker (98 Texas, 451).

The case has been tried three times and it is not probable that the plaintiff can aduce any better evidence upon another trial.

Therefore the judgment is reversed and here rendered for the defendant company.

*Reversed and rendered.*