GULF, COLORADO & SANTA FE RAILWAY COMPANY v. J. A. BENNETT.

Decided February 19, 1910.

**1.—Railroads—Killing Live Stock—Switch Limits—Burden of Proof.**

A verdict against a railroad company for killing a horse within the switch limits of a town where the track could not be fenced, could not be sustained when the evidence failed to show when the horse got upon the track, or whether, from the view point of those operating the train, its approach to the track was discoverable in time to have avoided the injury; and this, though the whistle was not sounded nor the bell rung, and the train passed through the town at a high rate of speed; and it was undisputed that the train killed the horse. There was no causal connection shown between the acts of negligence and the injury.

**2.—Pleading—Negligence—Charge.**

In a suit for damages resulting from negligence, the charge should confine the jury to the negligence alleged, and not submit the issue of negligence generally.

**3.—Road Crossing—Killing Live Stock—Statutory Signals.**

The duty of blowing the whistle or ringing the bell at road crossings is imposed for the benefit of those who are using or about to use the crossing. In the matter of killing live stock those signals are immaterial except as they may bear on the question of care on the part of the train operatives to avoid injury to the stock.

Appeal from the County Court of Bosque County. Tried below before Hon. P. S. Hale.

*Terry, Cavin & Mills* and *A. H. Culwell,* for appellant.—Before plaintiff was entitled to recover, the burden was upon him to show that the death of the animal was the result of failure to exercise ordinary care on the part of those who were handling the train, and the evidence in this case fails to show that such accident was the result of the failure of any degree of care. Missouri, K. & T. Ry. Co. v. Baker, 99 Texas, 452; Gulf, C. & S. F. Ry. Co. v. Anson, 101 Texas, 198; Texas & P. Ry. Co. v. Shoemaker, 98 Texas, 451; Henry v. Missouri, K. & T. Ry. Co., 65 S. W., 644.

*James M. Robertson,* for appellee.—The question of negligence being one of fact in killing the mare, and the case having been fully and fairly submitted to the jury on that issue, and the jury having found that the mare was killed by the negligence of appellant, with evidence fully warranting the verdict, the case should be affirmed. Sayles' Statutes, article 4507, and authorities thereunder cited.

CONNER, CHIEF JUSTICE.—This suit was instituted in the County Court of Bosque County to recover the value of a certain mare alleged to have been killed by one of appellant's trains in the switch yards of the appellant company at the town of Morgan. It was alleged that appellant was guilty of negligence in that it failed to keep a sufficient lookout and failed to ring the bell or to blow the whistle, and that the train was running at the high rate of speed of some thirty or forty

miles per hour. Appellant answered by the general denial, and specially, that the accident occurred in the station grounds, and at a place where public policy prohibited the defendant from fencing its track, and that this accident was not the result of any negligence of any of the servants of the company. The trial resulted in a verdict and judgment in appellee's favor for the sum of two hundred and twenty-five dollars.

Several assignments present the question of whether the evidence on the issue of appellant's negligence is sufficient to support the verdict and judgment. Adopting the view of the testimony most favorable to appellee, the evidence shows that appellee's mare was killed by appellant's northbound fast passenger train, which passed through the town of Morgan about daylight on the morning of the 19th day of January, 1909. The train was not scheduled to stop at Morgan, but ran through without check of speed, and without whistling, and without the ringing of a bell. No witness, however, saw the animal struck; the evidence merely shows that a witness saw the train run through a bunch of horses, and appellee's mare was soon afterwards discovered near the track so injured that she soon thereafter died. The testimony entirely fails to show when appellee's mare got upon the track, or whether, from the view-point of those operating the train, her approach to the track was discoverable in time to have avoided the injury, and we feel unable to say that there is any evidence that tends to show that either the failure to whistle or to ring the bell or to check the speed of the train was the proximate cause of the killing. For aught that the evidence shows, the animal, or the entire bunch of animals, may have suddenly appeared and attempted to cross the track at a time when it would have been impossible to check the speed of the train, and under circumstances that would render the ringing of a bell or blowing of a whistle wholly unavailing. In short, the circumstances of the killing are unexplained, and the matter is left entirely to conjecture as to whether or not it was negligence under the circumstances to operate the train at the speed shown, or to fail to ring the bell or to blow the whistle, or, if so, whether such negligence was a proximate cause of the result. It is undisputed that the mare was killed within the switch limits of the town of Morgan, and at a place where public policy did prevent the fencing of appellant's track, and the burden was hence undoubtedly upon appellee to establish negligence on appellant's part which proximately caused the loss of his mare. This has not been done, in our judgment, and we must therefore sustain all those assignments of error which raise this question. See Missouri, K. & T. Ry. v. Baker, 99 Texas, 452; Gulf, C. & S. F. Ry. v. Anson, 101 Texas, 198; Texas & P. Ry. v. Shoemaker, 98 Texas, 451; Henry v. Missouri, K. & T. Ry., 65 S. W., 644; Missouri, K. & T. Ry. of Texas v. Parker, 46 S. W., 280; Missouri, K. & T. Ry. v. Parker, 37 S. W., 973.

In view of the reversal, we suggest that the criticism of the first paragraph of the court's charge be avoided by confining the jury to the negligence alleged, instead of submitting the issue of negligence in general terms, as the charge does. We find no error in the refusal of the special charges. The court assumed in his charge that, before the plaintiff would be entitled to recover, the burden was upon him to

show negligence on appellant's part, and the issue was submitted in no other way. It was therefore unnecessary to give defendant's special charges Nos. 2, 3 and 4, to the effect that the law did not require fencing at the place where the appellee's mare was killed, and that hence appellee must show some act of negligence proximately causing the injury charged before he was entitled to recover.

Appellant's special charge No. 5, presented in the ninth assignment of error, we think, was properly rejected. The fact that the operatives of the train failed to sound the bell or blow the whistle for the road crossing at a short distance beyond the point where the mare was killed is immaterial. It has been often held that the duty of giving these warnings is imposed for the benefit of those who are using or about to use the crossing, and the question in this case, with reference to the warnings, was not whether they were given for the crossing, but whether, in the exercise of ordinary care, the operatives of the train should have given the warnings to avoid injury to the mare.

Because of the court's failure to grant a new trial on the ground that negligence was not shown, the judgment will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*