TEXAS & PACIFIC RAILWAY COMPANY v. ED. MILLER ET AL.

Decided April 2, 1910.

**1.—Final Judgment—Justice Court.**

A judgment entry in a Justice Court was as follows: "The plaintiff in this case failed to prove value of animal killed and the court renders verdict in favor of defendant, from which the plaintiff gives notice of appeal." Held, under the liberal rule which obtains in the construction of judgments rendered by Justice Courts, sufficient to show a final adjudication of the issues and to support an appeal to the County Court.

**2.—Railroads—Killing Animals—Negligence—Insufficient Evidence.**

Plaintiff's horse was killed at a place where the defendant railroad was not required to fence its track; the accident occurred at night and there was no eye witness; plaintiff testified that he heard a locomotive whistle as a train passed on the night of the accident; that the track was straight and clear of obstruction for about one mile west of where the horse was killed; that the engine was equipped with a headlight and that the train was going pretty fast. Held, insufficient to show that the horse was killed through the negligence of the defendant railroad company.

Appeal from the County Court of Ward County.  Tried below before Hon. A. J. Wilson, Special Judge.

*McKenzie & Collins,* for appellant.—The evidence having failed to disclose any acts of negligence on the part of the defendant railway company, or to disclose any acts of negligence causing or contributing to the killing of said horse, the judgment should have been for the defendant, and the court should have so instructed the jury.  Missouri, K. & T. Ry. Co. v. Baker, 99 Texas, 452; Mahler v. Missouri, K. & T. Ry. Co., 90 S. W., 206; International & G. N. R. Co. v. Carr, 91 S. W., 858; Gulf, C. & S. F. Ry. Co. v. Simpson, 41 Texas Civ. App., 125; Gulf, C. & S. F. Ry. Co. v. Anson, 101 Texas, 198; Texas & P. Ry. Co. v. Shoemaker, 98 Texas, 451.

*W. A. Hudson,* for appellee.—Great liberality and indulgence is extended to judgments of justices of the peace.  The test of their validity is their intelligibility.  Clay v. Clay, 7 Texas, 251; Wahrenberger v. Horan, 18 Texas, 57; Roberts v. Connellee, 71 Texas, 11; Davis v. Rankin, 50 Texas, 279; Williams v. Ball, 52 Texas, 603; Davis v. Bargas, 12 Texas Civ. App., 59.

The evidence is amply sufficient to support the verdict.  Houston & T. C. Ry. Co. v. Kincheloe, 56 Texas Civ. App., 123.

DUNKLIN, ASSOCIATE JUSTICE.—This appeal is from a judgment of the County Court in favor of Ed and Jim Miller for the value of a horse killed by one of the locomotives of the Texas & Pacific Railway Company in the town of Barstow.  The suit originated in the Justice Court and was appealed to the County Court.

By its first assignment of error appellant contends that the transcript from the Justice Court fails to show a final judgment in that court, and therefore the County Court was without jurisdiction to try the cause.  After reciting that the case was called for trial June 15, 1906, and noting the exceptions and pleas of the defendant, the transcript contains the following:  "The plaintiff in this case failed to prove value of animal killed, and the court renders verdict in favor of defendant, from which the plaintiff gives notice of appeal."  A liberal rule obtains in the construction of judgments rendered by Justice Courts, and we think the recitals in the transcript sufficient to show a final adjudication of the issues.  Roberts v. Connellee, 71 Texas, 18, and cases there cited; Davis v. Bargas, 12 Texas Civ. App., 59 (33 S. W., 549).

The horse was killed at a place where the defendant was not required to fence its track.  The accident occurred at night and there was no eyewitness thereto.  Plaintiff Ed Miller testified that he heard a locomotive whistle as a train passed on the occasion of the accident; that the track was straight and clear of obstruction for about one mile west of where the horse was killed; that the engine was equipped with a headlight and that the train was going pretty fast.  Substantially, this was the only evidence upon which plaintiffs relied to show that the horse was killed through defendant's negligence, and, although it was not contradicted, we think it insufficient to support the judg-

ment rendered. Gulf, C. & S. F. Ry. v. Anson, 101 Texas, 198; Missouri, K. & T. Ry. v. Baker, 99 Texas, 452; Texas & P. Ry. v. Shoemaker, 98 Texas, 451; Gulf, C. & S. F. Ry. v. Simpson, 41 Texas Civ. App., 125 (91 S. W., 875); International & G. N. Ry. v. Carr, 91 S. W., 858; Gulf, C. & S. F. Ry. v. Bennett, 126 S. W., 607, and Ft. Worth & D. C. Ry. v. Hodge & Speer, 58 Texas Civ. App., 540, both cases by this court.

The judgment is reversed and the cause remanded.

Upon another trial the court should instruct a verdict in favor of the defendant unless other evidence be introduced tending to show that the horse was killed through negligence on the part of those operating the train.

*Reversed and remanded.*