ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. CONLEY et al.

(Court of Civil Appeals of Texas. Texarkana. Dec. 21, 1911.)

1. RAILROADS (§ 443*) — INJURIES TO ANIMALS ON TRACK—NEGLIGENCE—EVIDENCE.
In an action for injury to an animal struck by a train at a point where the railroad company was not required to fence its tracks, evidence held not to show negligence in the operation of the train.
[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1608–1620; Dec. Dig. § 443.*]

2. RAILROADS (§ 441*)—INJURIES TO ANIMALS ON TRACK—BURDEN OF PROOF.
Where an animal was injured by a train at a place where the railroad company was not required to fence its tracks, the owner to recover must show negligence; and the burden is not satisfied when the facts presented are strongly doubtful about any negligence, or rest in conjecture for any conclusion of negligence.
[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1575–1595; Dec. Dig. § 441.*]

Appeal from District Court, Morris County; P. A. Turner, Judge.

Action by J. E. Conley and another against the St. Louis Southwestern Railway Company of Texas. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

J. M. Burford and Glass, Estes, King & Burford, for appellant. J. E. Stewart, for appellees.

LEVY, J. The suit is for damages for injury to a bull, alleged to have been caused through the negligence of appellant.

At Jennings Lake, the appellant maintains a side track, running parallel and connecting with its main line on the south. On the north side of the main line, the right of way is entirely fenced. The south side, for the length of the side or switch track, is not fenced. It is not so fenced, because the switch is used by shippers of pine timber poles, logs, piling, and ties to load same on cars. The court made the finding that the switch was maintained for the benefit of the public as shippers, and that it was so used by the public, and that because of its public use it was necessary to have an opening on the south, in order to have access to the switch, and in consequence appellant was not required to fence same. This finding is supported by the evidence.

[1] It appears that a dirt road crosses the track about 150 yards from Jennings Switch. This crossing is characterized by the record as "a crossing to go out through the farm there up to what you might call 'Stephenson's Ferry.'" About 6 o'clock in the evening, a train of appellant's passed the switch, going north. About 15 minutes after the train passed, Henry Hill, coming by the switch, saw the bull lying down at the switch, at about the center of the ground between the switch track and the main line. He got him up, and drove him off below the tracks. The bull appeared to the witness, from his movements, to be injured. The witness did not see the animal struck by the train, or before the train passed. He testified that he heard the train passing, and heard it give three blows of the whistle when about near the switch. It was also shown that the track south of the switch was straight and without obstruction for half a mile. These are the circumstances relied on to show injury to the bull through negligence of appellant. The court made the finding of negligence, which finding is here assailed; and the assignment should be, we think, sustained. The evidence here leads to no definite conclusion as to how the injury was inflicted, assuming that the bull was injured by the train. It rests entirely in conjecture as to whether he was on the track in time for the engineer, in the exer-

cise of care, to have avoided the injury, or whether he was not on the track, but near to it, and started so suddenly to pass in front of the approaching train as for it to be impossible to have stopped or slackened the speed of the train and avoided the injury.

[2] The point where the injury is alleged to have occurred being, as found by the court, a place where the appellant was not required to fence, it devolved upon appellees to show negligence. The burden of proof is not met when the facts presented are strongly doubtful about any negligence, or rest in conjecture for any conclusion of negligence, as here. It has been held that proof alone that the track was straight, and because thereof the engineer could, had he kept a lookout, have seen the animal in time to have avoided injury, is not sufficient, in the absence of circumstances showing that the animal was on or likely to go on or so near the track as to be struck, to establish negligence. Also that the fact that a stock whistle was heard to blow was not sufficient to establish negligence, because it did not show or tend to show that the animals were not near the track when the whistle blew, and were struck solely because of making a sudden dash across the track. The case comes clearly within the principle of the case of Railway Co. v. Anson, 101 Tex. 198, 105 S. W. 989, which rules the instant case. The force of the holding in that case was that neither fast running nor giving signals was sufficient to establish negligence, in the absence of further proof of circumstances showing to some certainty, beyond mere conjecture, that the animals were on the track or going on the track in time for the engineer to have discovered them by proper lookout, who, by reasonable care, could have avoided the injury.

The judgment is reversed, and the cause should be, we think, remanded for another trial.