TEXAS & P. RY. CO. v. BAILEY et al.

(Court of Civil Appeals of Texas. Dallas. Nov. 2, 1912.)

1. RAILROADS (§ 443*)—INJURY TO STOCK— SUFFICIENCY OF EVIDENCE — PROXIMATE CAUSE.

Evidence in an action for the death of a mare on a railroad track *held* not to show that any negligence in running at an excessive speed or failure to give signals was the proximate cause of the mare being killed.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1608–1620; Dec. Dig. § 443.*]

2. RAILROADS (§ 443*)—INJURY TO STOCK— SUFFICIENCY OF EVIDENCE—NEGLIGENCE.

Evidence in an action against a railroad company for killing a mare *held* not to show that the trainmen failed to keep a proper lookout or discover the mare in time to have avoided striking her by exercising reasonable care.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1608–1620; Dec. Dig. § 443.*]

3. RAILROADS (§ 425*)—INJURY TO STOCK— PROXIMATE CAUSE.

That the negligence of trainmen may be the proximate cause of killing a horse it must appear that it was on the track under such circumstances that the accident was the natural and probable consequence of the negligence and ought reasonably to have been foreseen.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1527–1533; Dec. Dig. § 425.*]

4. RAILROADS (§ 441*)—INJURY TO STOCK— PROXIMATE CAUSE—PRESUMPTION.

It cannot be presumed without evidence that negligence in running the train at excessive speed, and not giving warning signals, was the proximate cause of the death of a horse on the track.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1575–1595; Dec. Dig. § 441.*]

Appeal from Wood County Court; R. M. Smith, Judge.

Action by M. A. Bailey and others against the Texas & Pacific Railway Company, in which another intervened. From a judgment for plaintiffs, defendant named appeals. Reversed and rendered.

W. H. Hall, of Dallas, and Jones & Jones, of Quitman and Mineola, for appellant. Harris, Suiter & Britton, of Winnsboro and Quitman, and Hart, Tharp & Hart, of Mineola, for appellees.

TALBOT, J. This is an appeal from a judgment recovered by the appellee M. A. Bailey in the county court of Wood county for the value of a mare alleged to have been killed by one of the appellant's engines and trains in the city of Mineola on the 25th day of October, 1910. It is alleged that while the mare was crossing defendant's railroad track about 150 yards east of its passenger depot, and within the corporate limits of said city, she was struck and so badly injured by one of defendant's locomotive engines that she soon afterwards died. The negligence charged was the failure of defendant's employés to keep a proper lookout for objects that might be on its track, failure to ring the bell or blow the whistle as the engine approached the depot, and a road crossing near the place where the mare was struck, and in operating the train at a very high rate of speed and in excess of six miles an hour in violation of an ordinance of said city of Mineola. On October 9, 1911, the Indiana & Ohio Live Stock Insurance Company intervened in this cause by permission of the court and alleged that it had issued its policy of insurance upon plaintiff's mare for the sum of $200, and that by the terms of its policy it was subrogated to the rights of the owner if the animal so insured was killed by the negligence of any person or corporation; that it had paid to the plaintiff the sum of $200, being the insurance under its said policy upon said mare, the same being in force at the time she was killed, and adopted plain-

tiff's petition and prayed that, if plaintiff recover any sum against the defendant, that it be subrogated to the rights of plaintiff in such recovery to the extent of $200. The defendant filed its first amended original answer on July 4, 1911, in which it answered by a general demurrer, a general denial, and pleaded specially that, if plaintiff's mare was killed by defendant's train, she was killed within the switch limits of the city of Mineola at a place where the defendant was not permitted to fence its tracks by law or public policy; that if it killed plaintiff's mare it was due to her suddenly passing in front of a rapidly moving train; that the plaintiff was guilty of contributory negligence in that he lived almost upon defendant's right of way at a point where defendant could not fence its tracks; that he had for many months permitted his mare to run at large and to pasture upon defendant's right of way and upon its switch tracks. The case was tried with a jury, and the trial resulted in a verdict in favor of the plaintiff in the sum of $200, and judgment was entered accordingly; the intervener being subrogated to the rights of plaintiff in the recovery.

The first assignment of error complains of the court's refusal to give appellant's requested special charge directing the jury to return a verdict in its favor. This charge, we think, ought to have been given. The evidence was insufficient to authorize a verdict and judgment for the plaintiff. The strongest testimony in support of the verdict is that of the plaintiff himself. He testified that his mare was killed about 100 yards east of the defendant's depot in the city of Mineola about 6 o'clock a. m.; that a train came into Mineola from the east over the Texas & Pacific Railroad about the time the mare was killed; that he noticed the train coming, and that it was running at a rapid rate; that when he first saw it it was running 25 or 30 miles an hour, and at that time was "possibly 40 or 50 steps west of where the mare was killed"; that the whistle was blown for the station at the usual place about 400 yards east of the depot; that the bell on the engine began ringing about 50 yards east of the depot, but was not ringing when he first noticed the engine; that he did not see the mare when she was hit. He said: "A little nigger came and told me the mare was killed, and I went at once to where she was; she was not dead at that time, her head being from the track and her tail towards it. She was on the north side of the track. While there I looked for signs on the track and found scuffling on both sides of the south rail and about 20 feet from the crossing and continued up the road about 30 or 40 feet; I saw where she had gotten up on the south rail of the Texas & Pacific track, and there was marks of scuffling 20 or 25 feet on that track.

I looked for blood and saw a few drops where I conceived she had gotten up. This was below the International & Great Northern switch. The place where I saw this mare lying was about 100 yards east of the Texas & Pacific depot and within the corporate limits of the city of Mineola, Wood county, Tex. The first sign of scuffling I saw was right south of where the mare was lying. The sign continued east. The sign looked like something trying to get away. I recognized her tracks at the west end of this sign. The Texas & Pacific track was perfectly straight for a mile east of where this mare was struck." By ordinances of the city of Mineola, which was admitted to be an incorporated town, it was shown that it was unlawful and punishable by fine to run any railway engine or car, within the corporate limits of said city, at a greater rate of speed than six miles an hour, and likewise unlawful and punishable for any person to run any locomotive engine without ringing the bell of the engine when starting the same or while the same was in motion within the corporate limits of said city.

The record contains the testimony of a number of witnesses, offered by the defendant, to the effect that hair, the color of the animal's hair that was killed, and blood were found on the railroad track of the International & Great Northern Railway Company situated near the appellant's track, and in view of this testimony, which was uncontradicted, it may be gravely doubted that appellee's mare was killed by appellant's train.

[1, 2] If, however, it be conceded that she was killed by one of appellant's trains, and that at the time she was struck the train was running at a greater rate of speed than six miles an hour and without ringing the bell of the engine in violation of the city ordinances, yet we fail to find any evidence warranting the conclusion that either the excessive rate of speed at which the train may have been moving, or the failure to ring the bell or to blow the whistle, was the proximate cause of the mare being struck and killed. There was no eyewitness to the accident, and the circumstances of the killing are unexplained. There is nothing to show how the injury was inflicted. The evidence is insufficient to show that the servants of appellant failed to keep a proper lookout, or that they discovered the animal on the track in time to have, by the exercise of reasonable care, avoided the collision. Indeed, it is insufficient to show that the operatives of the train ever discovered the mare to be on the track, or under what circumstances she got on the track.

[3] If the servants of the appellant in charge of the train were guilty of negligence in running the train in violation of the city ordinances of Mineola, then, as said in Railway Co. v. Latham, 53 Tex. Civ. App.

212, 115 S. W. 891, "in order to determine that such negligence was the proximate cause of the accident, it would be necessary to first find that the animal was on the track under such circumstances as would support the conclusion that the accident was the natural and probable consequence of such negligence, and that an accident of that character ought reasonably to have been foreseen as such a consequence in the light of the attending circumstances."

[4] That there may have been a causal connection between the negligence of appellant's servant in running the train in question in violation of the city ordinances of Mineola, if they were guilty of such negligence, and the accident resulting in the death of appellee's mare, is purely a matter of conjecture, and, "in the absence of evidence to support it, such a connection can no more be presumed than negligence can be presumed without proof to support it." Railway Co. v. Shoemaker, 98 Tex. 451, 84 S. W. 1049; Railway Co. v. Byrd, 124 S. W. 738; Railway Co. v. Bennett, 126 S. W. 607; Railway Co. v. Baker, 99 Tex. 452, 90 S. W. 869; Railway Co. v. Anson, 101 Tex. 198, 105 S. W. 989.

The undisputed evidence shows that the mare was struck and killed within the switch limits of the city of Mineola and at a point where the appellant was not required to fence its track, and it was essential to a recovery for her loss that appellee establish not only negligence on the part of appellant, but that such negligence was the proximate cause of the loss. This, after a careful reading of all the testimony, we conclude appellee has not done, and it results, as the case appears to have been fully developed, that the judgment of the court below should be reversed and judgment here rendered for appellant, and it is accordingly so ordered.

Reversed and rendered.