## INTERNATIONAL & G. N. RY. CO. v. BANDY.

(Court of Civil Appeals of Texas. San Antonio. Jan. 28, 1914.)

1. RAILROADS (§ 442*)—KILLING ANIMALS—ACTION — EVIDENCE — SETTLEMENTS WITH OTHERS.

Evidence, in an action for the killing of a horse by a train, that animals of a third person had been killed by the train near there, and the company had always paid him therefor, is irrelevant and prejudicial.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1596–1607; Dec. Dig. § 442.*]

2. RAILROADS (§ 443*)—KILLING ANIMALS—NEGLIGENCE—EVIDENCE.

Evidence, in an action for the killing of a horse by a train at a place not required by law to be fenced, is insufficient to show negligence, where it is not shown when it got on the track, or whether its approach thereto was discoverable by those in charge of the engine in time to avoid the accident.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1608–1620; Dec. Dig. § 443.*]

3. TRIAL (§ 252*)—KILLING ANIMALS—NEGLIGENCE — STOPPING TRAIN — SUBMISSION OF ISSUE.

The issue of negligence in not stopping the train, in an action for the killing of a horse by a train, should not be submitted where no facts are shown on which negligence in not stopping it can be predicated.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

4. RAILROADS (§ 446*)—KILLING ANIMALS—NEGLIGENCE—OMISSION OF STATUTORY SIGNAL.

The killing of a horse by a train not being at a crossing, failure to give the statutory signal is not negligence per se.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1627–1641; Dec. Dig. § 446.*]

5. TRIAL (§ 252*)—KILLING OF ANIMALS—NEGLIGENCE—OMISSION OF SIGNALS—SUBMISSION OF ISSUE.

The submission of the issue of the killing of a horse by a train being caused by failure to ring the bell and sound the whistle is not justified, where there is no evidence that it was killed in such proximity to a crossing that failure to give the statutory signal could have any bearing on the question of negligence, or that it was on or approaching the track at a time when signals by bell and whistle would probably have availed to prevent the accident.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

6. TRIAL (§ 241*)—INSTRUCTIONS—STATUTES.

When it is proper for an instruction to refer to a statute, its provisions should be stated, and the jury informed as to what bearing they have on the case.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 562, 563; Dec. Dig. § 241.*]

Appeal from Frio County Court; Crawford Laxson, Judge.

Action by J. E. Bandy against the International & Great Northern Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded for new trial.

S. T. Phelps, of Pearsall, and Wilson, Dabney & King, of Houston, for appellant.

MOURSUND, J. Appellee sued appellant in justice's court, to recover $150 damages for the alleged negligent killing of a mare belonging to appellee, and recovered a judgment for said amount. An appeal having been taken to the county court, the trial in said court resulted in a verdict and judgment in favor of appellee for $150. No written pleadings were filed.

[1] By the first assignment of error complaint is made of the admission of the testimony of the witness McFadden, to the effect that he had several animals killed by the train near the place where appellee's mare was killed, and where the track was not fenced, and the railway company had always paid him for such animals. This testimony

was irrelevant and prejudicial. The assignment is sustained. Railway v. Rowland, 82 Tex. 166, 18 S. W. 96.

[2] The second assignment is based upon the refusal of a peremptory instruction to find for appellant because of insufficiency of evidence to show negligence; and by the fifth assignment the verdict is attacked as unsupported by the evidence. The evidence, so far as it relates to the issue of liability, briefly stated, was as follows: Between 5 and 6 o'clock in the morning, on November 3, 1912, one of appellant's trains was seen to stop at a certain place near the depot, where the track was not required by law to be fenced, and later appellee's mare was carried off on a push car by appellant's section hands and buried. The witness who saw the mare buried testified that upon returning to the depot from the place where the mare was buried he saw a pool of fresh blood and some hair on the railway track about 40 steps north of the depot, and saw where an animal had been dragged. Another witness testified that he did not hear the train whistle. The testimony is insufficient to support a verdict. No one saw the mare alive before the train came up; but, conceding that the evidence shows she was killed by appellant's train, still there is no evidence showing when she got upon the track, or whether "from the viewpoint of those in charge of the engine, her approach to the track was discoverable in time to have avoided the injury." It may be that the mare tried to cross the track at a time when the train was so close that neither warning by whistle nor bell, or attempts to stop the train, could avail to prevent running over her. Railway v. Bennett, 126 S. W. 607; Railway v. Graham, 155 S. W. 653; Railway v. Bailey, 150 S. W. 962; Railway v. Conley, 142 S. W. 36, Railway v. Anson, 101 Tex. 198, 105 S. W. 989; Railway v. Mathews Bros., 158 S. W. 1048. The opinions in the cited cases are referred to for discussions of what is necessary to be proven when an animal is killed upon the track at a place not required by law to be fenced.

[3] The court instructed the jury as follows: "If you believe from the evidence that the train operated by the defendant, alleged to have killed plaintiff's mare, could have been stopped by the exercise of ordinary care and prudence, before running over said mare, and that by reason of such neglect to stop said train the mare was run over and killed by said train, then the jury are instructed to find for the plaintiff to the amount of the value of the animal killed." We do not know what issues were raised by the pleadings, but this charge submits incorrectly an issue not made by the evidence. There was no evidence that the engineer saw, or could have seen, the mare on the track, or going upon the track, in time to have stopped the train before reaching her. Unless some facts are shown

upon which negligence in failing to stop the train can be predicated, such issue should not be submitted. Railway v. York, 74 Tex. 364, 12 S. W. 68.

[4-6] The court also instructed the jury as follows: "You are further instructed that, though you may believe from the evidence that plaintiff's mare was killed by train of defendant, and that defendant failed to ring its bell or sound its whistle, as required by statute, this will not be enough on which to base a verdict for the plaintiff, unless the jury find that the killing of plaintiff's mare was caused by reason of the neglect of defendant to ring its bell or sound its whistle. If you do not so believe, you will so state by your verdict and find for the defendant." We find no testimony that the bell was not ringing, nor any evidence that the mare was killed at a crossing. Unless killed at a crossing, the failure to give statutory signals would not constitute negligence per se. Railway v. Mallard, 127 S. W. 1117; Railway v. Sanders, 101 Tex. 255, 106 S. W. 321; Railway v. Huegle, 158 S. W. 198. There was no evidence that the mare was killed in such proximity to a crossing that failure to ring the bell and sound the whistle could have had any bearing on the question of negligence, nor any testimony showing that the mare was upon the track or approaching the track at a time when the giving of signals by bell and whistle would probably have availed to prevent the killing of her. It is clear that the evidence did not justify the submission of the issue sought to be submitted. When it becomes proper to refer to the statute, the provisions thereof should be stated, and the jury informed what bearing the same have upon the case. The charge assumes that appellant was negligent if the signals were not given, and merely leaves it to the jury to decide whether such negligence caused the death of the mare.

The judgment is reversed; but, as the record justifies the conclusion that the case has not been fully developed, we will remand the same for another trial.