INTERNATIONAL & G. N. RY. CO. v. LEUSCHNER. (No. 5314.)

(Court of Civil·Appeals of Texas. Austin. March 11, 1914. Rehearing Denied April 29, 1914.)

1. RAILROADS (§ 411*)—INJURIES TO STOCK—NEGLIGENCE.
    Where an animal is killed on the track at a point where a railroad company is not required to fence its tracks, as within the depot grounds, the owner must show negligence by the company in order to recover therefor.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1409–1450; Dec. Dig. § 411.*]

2. RAILROADS (§ 425*)—INJURIES TO STOCK—PROXIMATE CAUSE.
    The railroad company's negligence must be the proximate cause of injury to stock on the track, to entitle the owner to recover therefor.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1527–1533; Dec. Dig. § 425.*]

3. RAILROADS (§ 443*)—INJURIES TO STOCK—ACTION — SUFFICIENCY OF EVIDENCE—NEGLIGENCE.
    Evidence, in an action against a railroad company for injury to the stock on the track, held to show that the trainmen were not negligent in failing to blow the whistle or sound the bell or keep a lookout.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1608–1620; Dec. Dig. § 443.*]

4. RAILROADS (§ 441*)—INJURIES TO STOCK—BURDEN OF PROOF—NEGLIGENCE.
    The burden is on the owner to show negligence by the trainmen resulting in injury to stock on the track, ·and not on the railroad to introduce evidence of exoneration.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1575–1595; Dec. Dig. § 441.*] .

Appeal from Falls County Court; W. E. Hunnicutt, Judge.

Action by J. G. Leuschner against the International & Great Northern Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Neff & Taylor, of Waco, for appellant. T. B. Bartlett and Prentice Oltorf, both of Marlin, for appellee.

RICE, J. Appellee's mule was killed by appellant's north-bound train on the early morning of September 27, 1912, at Otto, and this action is brought to recover damages therefor, alleging negligence on the part of appellant in the failure to blow the whistle or sound the bell at the time the mule was killed, notwithstanding the same was seen by its engineer in time to have prevented the injury. He also charged the failure on the part of appellant to fence its track at said point, and that the train was running at a high rate of speed when the animal was struck; that the engineer failed to keep a lookout, notwithstanding animals were in the habit of grazing at said point, which fact was alleged to have been known to appellant's operatives. Appellant answered by general exception, general denial, and specially that the place where the animal was killed was within the depot grounds, switch limits, switch tracks and yards, and at a public crossing in the town of Otto, where it could not fence its track without imperiling the lives of its employés, and at a place where it was not required to fence its right of way. A jury trial resulted in a verdict and judgment for appellee, from which this appeal is taken.

At the conclusion of the evidence appellant moved the court to peremptorily instruct the jury to return a verdict in its behalf, which was refused, and upon which error is assigned. The evidence shows that the ani-

mal was struck by the early morning train passing north through the town. There was no evidence in behalf of the plaintiff showing the circumstances under which the animal was struck; but, on the contrary, appellant's evidence showed that the animal was killed within the depot grounds at Otto, about midway of the switch limits, and at a point where the company was not required to fence its track. The fireman testified that: "We whistled for the road crossing about 500 or 600 yards south of the depot, and gave the station whistle about 300 or 400 yards from the depot and rung the bell. The mule suddenly stood in front of the train on the track. I hallooed to the engineer that there was a mule on the track, but we could not stop. We tried to stop; we turned on the air and whistled. We struck the mule on the crossing and knocked it off. When I first saw the mule he was coming on the track on the crossing; it was not possible to stop the train—we tried. The engineer sounded the whistle; I rung the bell from the time we whistled to the station. The headlight was burning; it was about half daylight and half dark. We were going between 25 and 30 miles an hour."

Garner, the engineer, testified that he remembered the occasion when the mule was killed; "that the mule suddenly appeared on the track and the fireman hallooed, 'Uncle Joe! There is a mule on the track.' I was very close to him before I saw him. I had begun to stop for the station; I tried to stop; could not scare him off. I blew the proper signal. I saw the mule first before the fireman. The fireman had been ringing the bell; I applied the emergency brake and whistled. When I saw the mule, we were not over 20 feet away."

There was no evidence showing or tending to show that they, or either of them, had ever seen animals there before, or knew that animals were in the habit of grazing at said point.

[1, 2] Where an animal is killed at a point where the company is not required to fence its track (as in the present case) it then devolves upon the owner to show negligence on the part of the company before he will be entitled to recover, and that such negligence was the proximate cause of the injury. See I. & G. N. Ry. Co. v. Bandy, 163 S. W. 341; Ry. Co. v. Bennett, 126 S. W. 607; Ry. Co. v. Graham, 155 S. W. 653; Ry. Co. v. Bailey, 150 S. W. 962; Ry. Co. v. Conley, 142 S. W. 36; Ry. Co. v. Anson, 101 Tex. 198, 105 S. W. 989; Ry. Co. v. Matthews Bros., 158 S. W. 1048.

[3, 4] In the instant case, appellee has failed to meet this burden; but, on the contrary, the company has completely exonerated itself from blame by showing, as it has done, that it was not negligent in the respects charged, which it was not required to do under the circumstances. It is said in 2 Wharton on Evidence, § 1268, that "the defendant is not called on to bring evidence of exoneration until the plaintiff has made a prima facie case."

We think the court erred in refusing to instruct a verdict in behalf of appellant, as requested, on the ground that the evidence wholly failed to show liability on its part; and, since the case appears to have been fully developed, it becomes our duty to render such judgment as the trial court should have done, for which reason we reverse the judgment of the court below, and here render the same in favor of appellant.

Reversed and rendered.