ST. LOUIS, B. & M. RY. CO. et al. v. KNOWLES. (No. 5540.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 8, 1915.)

1. COURTS ⬤⇒121—JURISDICTION—AMOUNT IN CONTROVERSY.

The attorney's fee sought to be recovered under authority of Rev. St. 1911, art. 2178, in an action for the value of a mule killed by defendant's train, is part of the amount in controversy.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 410, 413–426, 428, 437, 450, 452, 458, 459, 466; Dec. Dig. ⬤⇒121.]

2. RECEIVERS ⬤⇒174—LIABILITY—TORTS BEFORE APPOINTMENT.

Judgment against the receiver for a tort of the railroad committed before his appointment is unauthorized, absent permission of the federal court appointing him to sue him.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 333–343; Dec. Dig. ⬤⇒174.]

3. RAILROADS ⬤⇒415 — KILLING ANIMALS — NEGLIGENCE—CROSSING SIGNALS.

Failure of a train approaching a crossing to give the statutory signals is negligence per se only as to those using, or about to use, the crossing, and not as to an animal feeding near by.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1476–1482; Dec. Dig. ⬤⇒415.]

4. RAILROADS ⬤⇒443 — KILLING ANIMALS — PROXIMATE CAUSE—EVIDENCE.

Evidence that a mule, feeding near a railroad and crossing, frightened on seeing an approaching train, ran to cross the track and was struck by the train does not warrant a finding that failure to give the crossing signal was the proximate cause of the accident; it being a matter of conjecture whether that would have made any difference.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1608–1620; Dec. Dig. ⬤⇒443.]

Appeal from San Patricio County Court; M. A. Childers, Judge.

Action by J. W. Knowles against the St. Louis, Brownsville & Mexico Railway Company and another. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Claude Pollard, of Kingsville, and Robt. W. Stayton, and David M. Picton, Jr., both of Corpus Christi, for appellants.

MOURSUND, J. Appellee sued the St. Louis, Brownsville & Mexico Railway Company and Frank Andrews, receiver of said company, for $200, the alleged value of a mule struck and killed by a locomotive and cars alleged to have been operated in a negligent manner at a place on the track near where the same crosses Rachal avenue in the town of Sinton; also for $20 as reasonable attorney's fee. This is the second appeal in this case. For opinion delivered upon the first appeal, see 171 S. W. 245. The pleadings were amended after the cause was remanded, and plaintiff's petition contained the allegation that the mule was struck by the train on or about July 2, 1913, and that Frank Andrews was appointed receiver of said company by the United States District Court for the Southern District of Texas about the 5th day of July, 1913.

[1] By the first assignment of error it is contended that the amount in controversy does not exceed $200, and that therefore the county court was without jurisdiction. The same contention was made upon the first appeal, and overruled. We overrule the assignment for the reasons stated in the former opinion.

[2] It is apparent from the pleadings and the undisputed testimony that the injury to the mule occurred prior to the appointment of Frank Andrews as receiver of the St. Louis, Brownsville & Mexico Railway Company by the United States District Court for the Southern District of Texas. It was not alleged nor proven that permission had been given by said court to bring this suit against the receiver. The verdict and judgment, in so far as the same relate to the receiver, are therefore without authority of law, and assignments Nos. 2 and 3 are sustained. See Andrews v. King, 170 S. W. 862; Andrews v. Jeter, 171 S. W. 838; St. Louis, B. & M. Ry. v. Dawson, 174 S. W. 850.

[3] The court instructed the jury in effect that the failure to comply with the statute requiring the blowing of the whistle and the ringing of the bell at the distance of at least 80 rods from the place where the track crosses any public road or street, and to keep the bell ringing until the train crosses such road, or street, or stops, constitutes negligence under the law. This was followed by the further instruction that before the defendants could be held liable, it must be shown that there was such negligence, and that such negligence was the proximate cause of the death of the mule. The court then required the jury to answer the question: "Was there any such negligence on the part of defendants as above set out, and as alleged by plaintiff?" to which the jury answered: "Yes; did not ring the bell." The jury also found that such negligence was the proximate cause of the death of the mule, and the judgment is based upon such findings.

Plaintiff pleaded that Rachal avenue, a public street, crosses defendant's track about 11 rods of south of the place at which the mule was struck by the train. The evidence shows that the mule was feeding near the track at a distance of from 25 to 55 yards from the street; that when he saw the train he ran towards the street, but diagonally at an angle of about 22 degrees, so that he would have crossed the track had he not been struck, but that before he could cross the track, and before he reached the street, the train struck him. Under the facts as pleaded and proved, it was error to instruct the jury that the failure to give the statutory signals constituted negligence. Such failure only constituted negligence per se as to those using, or about to use, the crossing. M., K. & T. Ry. Co. v. Saunders, 101 Tex. 257, 106 S. W. 321, 14 L. R. A. (N. S.) 998, 16 Ann. Cas. 1107; Railway v. Huegle, 158 S. W. 198; Railway v. Bandy, 163 S. W. 341; Railway v. Bennett, 126 S. W. 607. The error is a material one, as it relates to the only issue upon which the jury found there was negligence. Assignments Nos. 5 and 8 are sustained.

[4] By the sixth assignment it is contended that the finding that the failure to ring the bell was the proximate cause of the death of the mule is unsupported by the evidence. R. T. Rutledge testified that he saw the mule feeding about 10 or 12 feet from the track at about 8 o'clock in the evening; that the engine must have been 75 yards or 75 steps from the mule at the time when the mule saw it coming, raised his head, became frightened, and ran towards the railroad in a diagonal line; that he ran about 25 feet when he was struck, and then jumped to the side; that the train was close to the mule when he began to run—about 25 steps from him. He supposed the headlight frightened the mule. He further testified that there were some pieces of timber piled up between where the mule was feeding and the approaching engine. Appellee testified that on the Sunday after the mule died he and Rutledge examined the ground in the vicinity of the place where the train struck the mule; that said place, as shown by the tracks of the mule, was 45 or 46 yards from the street crossing; that the tracks indicated that the mule was about 30 feet from the railroad track when he started in a southern direction; that the tracks made by the mule also indicated that at first he was walking or trotting, and up nearer to the track they were deep, and indicated that he had been running, and at a distance of 60 or 70 feet showed that the mule had made a jump of about 8 feet away from near the railroad track.

We conclude that the evidence fails to support the finding that the failure to ring the bell was the proximate cause of the death of

the mule. It is altogether a matter of conjecture whether the ringing of the bell would have altered matters in any respect. And it must be held that the assignment of error is well taken. G., C. & S. F. Ry. v. Bennett, 126 S. W. 607; T. & P. Ry. Co. v. Bailey, 150 S. W. 962; M., K. & T. Ry. v. Parker, 37 S. W. 973; T. & N. O. Ry. v. Langham, 95 S. W. 686; Southern Kansas Ry. Co. v. Graham, 155 S. W. 653.

This case has been twice tried, the evidence has been fully developed, but, as it is insufficient to sustain a finding that the failure to ring the bell was the proximate cause of the death of the mule, and no other theory of negligence was requested to be submitted upon this trial, the judgment is reversed, and judgment rendered by this court that plaintiff take nothing by his suit against the St. Louis, Brownsville & Mexico Railway Company, and that the cause be dismissed as to Frank Andrews, receiver.