INTERNATIONAL & G. N. RY. CO. v. BANDY. (No. 5675.)

(Court of Civil Appeals of Texas. San Antonio. May 24. 1916.)

RAILROADS ⊕⇒443(1)—OPERATION—INJURIES TO STOCK—NEGLIGENCE—EVIDENCE.

Evidence that a train was operated at an excessive speed without proper warning signals while passing through a town where the railroad was not required to fence its track, and that a mare was killed, and section men carried her away after the train had passed, does not show liability of the railroad, when other trains passed the point and no one saw the train in question kill the mare, but an engineer on another train testified that his engine did kill her, under circumstances negativing negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1608, 1617; Dec. Dig. ⊕⇒443(1).]

Appeal from Frio County Court; Mason Maney, Special Judge.

Action by J. E. Bandy against the International & Great Northern Railway Company. Judgment for plaintiff, and defendant ap-

peals. Reversed, and judgment rendered for defendant.

See, also, 163 S. W. 341.

S. T. Phelps, of Pearsall, and Wilson, Dabney & King, of Houston, for appellant. Magus Smith, of Pearsall, for appellee.

FLY, C. J. Appellee recovered judgment in the justice's court for $150, the alleged value of a certain mare killed at or near the station of Moore by a train of appellant. On appeal to the county court a jury returned a verdict for $150, and judgment was rendered accordingly.

The grounds of negligence were that appellant had permitted grass and weeds to accumulate on its right of way and track in the town of Moore which attracted horses and other stock, and they habitually gathered there to graze; that appellant, on or about November 3, 1912, had its train to run into the town of Moore at a high rate of speed, and the employés failed to keep a lookout for stock where the mare was killed; that the statutory signals were not given as the train approached the crossing near which the mare was killed; and that appellant failed to blow the whistle or ring the bell to frighten the mare off the track.

The evidence of appellee was to the effect that between 5 and 6 o'clock on the morning of November 3, 1912, a train ran into the town of Moore at a fast rate of speed without giving any signals of its approach; that after the train had left the section men of appellant were seen carrying off the body of the mare and burying it. No one saw the mare on the track, no one saw the train strike her, and the only evidence tending to show that the morning train killed the mare was the evidence of a witness that he saw blood on the track in the morning, which appeared to be not more than an hour or an hour and a half old. The blood was in a cut where a horse could not well get off the track. No one saw the morning train hit the mare, and yet the only act of negligence on the part of the railway company, a failure to give the statutory signals, was proved in connection with that train. Three at least, and perhaps five, trains passed through Moore on the night the mare was killed. The mare was last seen by the owner on the evening of November 2, 1912, when he turned her out for the night. There is not one word of testimony tending to show that the mare was on the track for such a length of time that she could have been seen and the train stopped before it reached her. She might have been lying down, she might have walked on the track, just before the train reached her, and when it could not be stopped in time to save her. No causal connection, whatever, was indicated between the failure to blow the whistle and ring the bell, and it would be the merest surmise to say that the mare would

not have been killed if the signals had been given. No one testified that the mare was on the track on the morning of November 3d, or that a lookout was not kept.

It is uncontroverted that the mare was killed in the town of Moore at a place where appellant was not required to fence its track, and at a place where, in order to recover, it rested on the plaintiff to prove negligence. The mere fact of the killing of the mare did not prove negligence. The fact that the signals were not given may have been negligence, but no connection was shown between that negligence and the death of the mare. If it had been shown that no outlook was kept, no connection between that failure of duty and the death of the mare was shown. It may be that in the daytime the mare could have been seen at a distance on the track and the train stopped before it struck her. But it was not in the daytime. If it had been in the light of the noonday sun, however, there is not one word of testimony to show that the mare was on the track long enough for her to have been seen at such a distance that the train could have been stopped.

In the case of Railway v. Bennett, 59 Tex. Civ. App. 321, 126 S. W. 607, the facts are stronger than in this case, and yet it was held that the testimony was insufficient to show negligence in the killing of the mare. In that case the train was seen to run through a drove of horses, and immediately afterwards the dead mare was found, and the court held that there was no evidence of negligence.

In the case of Railway v. Conley, 142 S. W. 36, appellant was not required to fence its track, and a bull was struck by a certain train, which was known and identified. The bull was found, in an injured condition, about 15 minutes after the train passed. It was held that there was no evidence of negligence. The court said:

"The evidence here leads to no definite conclusion as to how the injury was inflicted, assuming that the bull was injured by the train. It rests entirely in conjecture as to whether he was on the track in time for the engineer, in the exercise of care, to have avoided the injury, or whether he was not on the track, but near to it, and started so suddenly to pass in front of the approaching train as for it to be impossible to have stopped or slackened the speed of the train and avoided the injury."

To the same effect are numerous other cases. Railway v. Bailey, 150 S. W. 962; Railway v. Matthews, 158 S. W. 1048; Railway v. Leuschner, 166 S. W. 416; Railway v. Baker, 99 Tex. 452, 90 S. W. 869; Railway v. Anson, 101 Tex. 198, 105 S. W. 989.

This is the second time this case has been before this court, the judgment being reversed on the former appeal on account of the insufficiency of the evidence, with other things, and the cause was remanded to give the appellee an opportunity to more fully develop his case. 163 S. W. 341. There has been no further development of the case, and the evidence is still totally inadequate to sustain the verdict.

It may be further stated that an engineer, on the train that passed Moore at 9:50 o'clock on the night of November 2, 1912, testified that his engine killed the mare under circumstances that showed no negligence whatever, and the court charged the jury:

"If you believe from the evidence that plaintiff's animal was killed by the north-bound train arriving at Moore at 9:50 p. m. of November 2, 1912, by the train in charge of Engineer J. O. Burch under circumstances testified to by him, then you will find for defendant."

There was not one word or syllable that contradicted the clear statement made by Burch, and yet the jury must have discarded his testimony and rested their verdict on surmise and conjecture, and not upon any proof tending to show the liability of appellant.

The judgment is reversed, and judgment here rendered that appellee take nothing by his suit, and pay all costs in this behalf expended.