**HINES, Director General of Railroads, et al. v. COLLINS.    (No. 1115.)**

(Court of Civil Appeals of Texas. El Paso. April 29, 1920. Rehearing Denied May 20, 1920.)

1. **Railroads �köm441(1)—Owner of animal killed at place which could not be fenced must prove negligence.**

In an action against a railroad for killing a mare at a place where the track could not be fenced, burden is on plaintiff to prove negligence of the railroad which was the proximate cause of the killing.

2. **Railroads �köm425—Failure to sound warning not cause of killing animal caught in guard.**

Where plaintiff's mare was killed by a train while she was caught in cattle guard at a road crossing, the negligent failure of the railroad employés to sound the statutory warnings for the crossing could not be proximate cause of the killing.

Appeal from Midland County Court; J. M. De Armond, Judge.

Action by W. P. Collins against Walker D. Hines, Director General of Railroads, and others. Judgment for plaintiff in the county court on appeal from a judgment of justice of peace, and defendants appeal. Reversed, and judgment rendered for defendants.

E. R. Bryan, of Midland, for appellants.
B. W. Baker, of Midland, for appellee.

WALTHALL, J. This case was brought originally in the justice of the peace court by appellee to recover of appellants damages for negligently killing a mare on appellants' right of way at a road crossing the railroad track about five miles east of the town of Midland. The trial resulted in a judgment for ap-

⊗—For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pellee. Appellants appealed to the county court. In the county court the verdict and judgment were in favor of appellee. The only assignment of negligence upon which evidence was offered was negligence in not sounding the statutory signals in approaching the crossing. The evidence shows the following: Appellants' train killed appellee's mare on appellants' railroad track at a point where a traveled road used by the public crosses appellants' railroad track about five miles east of the town of Midland. The road crossing had been used by the public for a number of years. A public road runs along appellants' right of way on the south side from Midland to Stanton. The railroad track was fenced on both sides, and cattle guards were put in each side of the crossing where the road crossed the railroad track. Appellants' fences on both sides of its track connected with the cattle guards. On the north side of the crossing there was a fence connecting with the railway right of way fence and two gates, one leading from the crossing into a field, and one into a pasture. The fence on the south side of the track at this road crossing was not connected.

The mare had been running at large in the public road for a day or so before she was killed. The mare was fastened in the cattle guard and unable to get out. It was impossible for the engineer to stop the train, after discovering the animal, in time to avoid striking her. The whistle was sounded for the crossing. There was no evidence as to whether the bell was rung, more than in answer to the question propounded to the engineer and fireman, "What alarms were sounded by you for said crossing, if any?" and they each answered, "The whistle was sounded for the crossing."

Appellants' insistence before the trial court and here is that, the evidence failing to show negligence on the part of appellants, they should be discharged.

Appellee's insistence is that the failure of appellants to ring the bell upon the approach of the train to the crossing was negligence and the proximate cause of the injury, a question of fact for the jury, and not one of fact for the court. The law requires that the whistle be sounded and the bell rung on approaching the crossing.

[1] The question here is one of want of ordinary care and proximate cause. It is undisputed that the mare was killed at a point on defendants' road where defendant could not fence its track. The burden was upon appellee to establish negligence on the part of the company, and that the negligence was the proximate cause of killing the animal. In Gulf, C. & S. F. Ry. Co. v. Bennett, 59 Tex. Civ. App. 321, 126 S. W. 607, in which one of the negligent acts assigned was failure to blow the whistle and ring the bell at a place where the company was not required to fence its track, and where a mare was killed, the court said:

"The fact that the operatives of the train failed to sound the bell or blow the whistle for the road crossing at a short distance beyond the point where the mare was killed is immaterial."

[2] In this case, in addition to being on the track, the mare was fastened in the stock guard. We fail to see how the failure to ring the bell could have prevented the killing of the mare. As said by the Supreme Court in Texas & Pacific Ry. Co. v. Wright, 62 Tex. 515:

"It is evident that the failure to ring the bell or sound the whistle at 80 rods distance had nothing to do with the accident."

We think the following cases also sustain appellants' contention: San Antonio & A. P. Ry. Co. v. Aycock, 68 S. W. 1001; Texarkana & Ft. S. Ry. Co. v. Bell, 101 S. W. 1167; Texas & P. Ry. Co. v. Bailey, 150 S. W. 962.

The other assignments need not be considered.

The judgment of the trial court is reversed, and here rendered for appellant.