**LANCASTER et al. v. EIDSON.** (No. 1262.)

(Court of Civil Appeals of Texas. El Paso. Nov. 17, 1921.)

**Railroads** ⊙⇒443(7)—**Evidence held not to show negligence in killing cow.**

In action for killing a cow at a public crossing where the railroad company was not required to fence its track, evidence that signals were not given and that train did not slow up or stop, without any showing that the animal was seen in time to avoid injury, *held* insufficient to establish negligence.

Appeal from Martin County Court; A. G. Odom, Judge.

Action by Brick P. Eidson against J. L. Lancaster and others, receivers of the Texas & Pacific Railway Company. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Jno. B. Howard, of Pecos, for appellants.
Morrison & Morrison, of Big Springs, for appellee.

HARPER, C. J. This case originated in the justice court upon the following statement of the plaintiff's cause of action:

"Jersey cow, owned by plaintiff, while on defendant's track at public crossing westward from Stanton, in Martin county, Tex., was through carelessness and negligence of defendants, their servants, agents and operatives of its engines and trains, on or about 18 day of May, 1920, struck and killed by one of said engines while being so operated on and running on defendant's road extending through said Martin county, said cow of value above stated and plaintiff's damage being at least the sum so indicated."

Appellee recovered judgment in the justice court for $150, and again upon appeal to the county court recovered judgment for the same amount. From which this appeal.

The appellant urges that the plaintiff having pleaded and proved that the cow was killed at a public crossing where its track was not required to be fenced, it devolved

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

upon· plaintiff to prove that the cow was killed by its train while operated in a negligent manner and that such negligence was the proximate cause of the killing; that the evidence wholly fails in these respects.

Appellee testified:

"I turned my cow out of the lot about 7:06 a. m., * * * and about noon some one informed me that a cow had been struck by a train and that it might be mine, which was found to be true. The cow was lying on the inside of the right of way west of the west side of the railroad crossing about 15 feet from the track, and about 30 feet from the fence on the north. * * * I did not see any train strike her, but from the evidence I saw upon the track near the crossing I concluded that passenger train No. 25 going west had hit her and knocked her off the track. I saw signs on the track * * * like her feet had been dragged, and I concluded that she was struck by a train going west. Passenger train No. 25 was the only train west that morning, so concluded that this was the train that struck her. That it was upgrade at this point, and no obstruction to the view. There was some water collected about 100 feet north of the right of way near this crossing around which a good many cows gathered and watered."

Another witness for plaintiff testified that he was about half mile from the crossing when No. 25 went west; he did not hear any stock whistle or alarm or notice, nor see the train stop or slow up, but after the train had passed, upon reaching the crossing he saw the injured cow lying at the point above described. Other witnesses detailed the circumstances in the same way, but none of them saw the cow struck by any train.

It was uncontroverted that the cow was killed at a public crossing in the town of Stanton where appellant was not required to fence its track, and at a place where, in order to recover, it rested on the plaintiff to prove negligence. The fact that the signals were not given may have been negligence, but no connection was shown between that negligence and the death of the cow. If the train did not slow up or stop, no connection between that failure of duty and the death of the cow was shown. There is not one word of testimony to show that the cow was on the track long enough for her to have been seen at such a distance that the train could have been stopped. For all this record discloses, if she was killed by the train, she may have run onto the track in front of the train just before it reached her.

Such evidence has been held to be insufficient, in a long line of cases, to establish negligence. Railway Co. v. Bennett, 59 Tex. Civ. App. 321, 126 S. W. 607; Railway Co. v. Baker, 99 Tex. 452, 90 S. W. 869; Railway Co. v. Anson, 101 Tex. 198, 105 S. W. 989; I. & G. N. Ry. Co. v. Bandy. 186 S. W. 781.

Reversed and remanded.

